(112 App. Div. 91)

POTTER v. VILLAGE OF HAMMONDSPORT.

(Supreme Court, Appellate Division, Fourth Department.  March 28, 1906.)

1. DISCOVERY—PHYSICAL EXAMINATION OF PLAINTIFF.
    Code Civ. Proc. § 873, providing that, in an action for personal injuries, the court in granting an order for examination of plaintiff before trial may, on application of defendant, direct that plaintiff submit to a physical examination by physicians to be designated by the court, and that, if plaintiff be a female, she shall be entitled to have such examination "before" physicians of her own sex, means the examination of a female plaintiff shall be by, and not merely in the presence of, physicians of her own sex.

2. SALE—EXAMINATION OF PHYSICIANS.
    Under Code Civ. Proc. § 873, providing that, in an action for personal injuries, the court in granting an order for examination of plaintiff before trial may, on application of defendant, direct that plaintiff submit to a physical examination by physicians to be designated by the court, the order may not provide for examination of the physicians before the referee.

3. SAME—LIMITING EXAMINATION.
    An order under Code Civ. Proc. § 873, for examination before trial of plaintiff in a personal injury case, she to submit to a physical examination by physicians, should limit the examination of plaintiff under oath to injuries as to the nature and extent of the injuries complained of, and the place where and the peculiar manner in which the injuries were received, so far as necessary to enable the defendant to ascertain the nature and extent of the injuries.
    [Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Discovery, §§ 96, 97.]

    Williams and Nash, JJ., dissenting.

Appeal from Special Term, Steuben County.
Action by Rose Potter against the village of Hammondsport. From an order modifying an order therefor made for examination of plaintiff before trial, defendant appeals. Modified.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Walter S. Drew, for appellant.
Leverne Thomas, for respondent.

KRUSE, J.  We all agree that the order appealed from should be modified.  There is, however, a division among us respecting the ex-

amining physicians and surgeons. The county judge in his original order named three physicians, one of whom was a woman. Subsequently he modified the order by striking out these names and naming two women physicians. It is now proposed that this court shall strike out the names of these two physicians last appointed and restore the names of the three physicians originally appointed. We think this modification ought not to be made.

1. No good reason exists, so far as the record discloses, for interfering with the judgment and discretion of the county judge in that regard, and we might well rest our decision upon that ground.

2. It is, however, contended that the county judge made this change because he thought the plaintiff had a legal right to have the examination made by physicians of her own sex. Assuming that to be true, which seems quite probable, we are still of the opinion that the county judge was right. We think the provisions of section 873 of the Code of Civil Procedure, which provides for the physical examination of a plaintiff at the instance of the adverse party, entitles a female to have the examination by physicians of her own sex, and that the phrase, "before physicians or surgeons of her own sex," means that the examination shall be made by them, and not merely in their presence. We cannot assent to the view that it was ever intended that a woman should be compelled to expose her person to a physical examination by physicians and surgeons not of her own sex or selection. We are not called upon to give a construction to this provision so literal as to permit this to be done. The information so acquired by the examining physician is not gained under the ban of secrecy, for she does not stand in the confidential relation of patient to the examining physician. Judge O'Brien, in the case of Lyon v. Manhattan R. Co., 142 N. Y. 298, 37 N. E. 113, 25 L. R. A. 402, quotes from the opinion of Mr. Justice Gray delivered in the Supreme Court of the United States in the case of Union Pacific Ry. Co. v. Botsford, 141 U. S. 250, 11 Sup. Ct. 1000, 35 L. Ed. 734, the following:

"The inviolability of the person is as much invaded by a compulsory stripping and exposure as by a blow. To compel any one, especially a woman, to lay bare the body, or to submit it to the touch of a stranger, without lawful authority, is an indignity, an assault, and a trespass."

While section 873 of the Code of Civil Procedure has changed this rule of the common law, this change should not be extended beyond a fair and reasonable interpretation of the statute which makes this innovation. Where a woman is compelled to submit to a physical examination under the provisions of this section, we think she has the right to require such examination to be made by physicians of her own sex. This view to us seems reasonable, and does no violence to the language of the statute.

The order appealed from should be modified by (1) striking out the provision for the oral examination of the physicians and surgeons, and (2) by striking out the entire provision limiting the examination of the plaintiff under oath and inserting in place thereof the following: "Ordered, that the examination of the plaintiff under oath be limited to inquiries as to the nature and extent of the injuries complained of and the place where the peculiar manner in which the injuries were re-

ceived, so far as necessary to enable the defendant to ascertain the nature and extent of such injuries"—and, as so modified, the order is affirmed, without costs of this appeal to either party. All concur, except WILLIAMS and NASH, JJ., who dissent.

WILLIAMS, J. (dissenting). The order appealed from should be modified by (1) striking out the provision for taking the examination of the physicians and surgeons; (2) striking out the names of the examining physicians and surgeons, Emma Stevens Jamison and W. B. Proctor, and inserting in place thereof the names of those in the order originally made, George C. McNett, Philo L. Alden, and Jennie Lee Kellogg; (3) by striking out the whole provision limiting the examination of the plaintiff under oath, and inserting in place thereof the following: ·Ordered, that the examination of the plaintiff under oath be limited to inquiries as to the nature and extent of the injuries complained of, and the place where and the peculiar manner in which the injuries were received"—and, as so modified, the order should be affirmed, without costs.

1. As to the first amendment, there is apparently no controversy. The physicians and surgeons ·would not be examined before, or their evidence taken by, the referee. Apparently this provision was put in the order through inadvertence or a misapprehension of the provisions of section 873 of the Code of Civil Procedure.

2. As to the second amendment, the change of physicians and surgeons appointed to make the physical examination of the plaintiff was evidently made upon the ground that the plaintiff was entitled to have the examination made solely by physicians or surgeons of her own sex. Two of the persons originally appointed were men and one a woman. The county judge erroneously construed the section in this respect. She was entitled merely to have the examination before, not by, physicians or surgeons of her own sex. In addition to appointing one woman as an examiner, the original order provided that the plaintiff might have such women present as she chose, and in the order appealed from it was further provided that the plaintiff might have two physicians and surgeons present of her own selection. The plaintiff's rights in this respect were fully protected, without changing the examining physicians and surgeons entirely, so that all should be women. No personal objection was made to the three named in the original order, except as to their sex. That order was made ex parte, and we assume the persons named were suggested by the defendant as such physicians and surgeons as it desired to use as witnesses on the trial, and to better qualify them as such witnesses. While the county judge had a discretion as to the persons to be appointed, he should have treated the defendant fairly, and not put it at a disadvantage. The plaintiff could have examinations made whenever she saw fit and by any physician or surgeon she might select. The order appealed from provides that she may have two physicians or surgeons of her own selection present at the examination. It seems to us the defendant should be permitted to have its own physicians or surgeons, the persons it would rely upon to aid it in the trial, make the examination, providing they are reputable, and not personally objectionable to the. plaintiff. A defendant in a

negligence action should be enabled, within reasonable limits, to protect itself against any unfounded claim as to the extent of the injuries received in an accident. It may turn out that the claim at to such injuries is well founded, and, if so, the defendant will be entirely satisfied; but, if it is discovered through the medium of the examination and the assistance of the physicians and surgeons of the defendant that the claim as to injuries is unfounded or greatly exaggerated, then justice will result from the exercise of the power afforded by the provision of the Code in question. The physicians and surgeons, if selected by the judge at the suggestion of the plaintiff, might from sympathy or otherwise refuse to disclose to the defendant minutely the results of their examination and elect to make such full disclosure only when called as witnesses on the trial, and thus put the defendant at great disadvantage in preparing its case for trial and taking the advice of its own physicians and surgeons. We see no reason why the examining physicians and surgeons should have been changed by the order appealed from. It seems to us this change should not have been made. In this respect the order should be restored to its original condition. If, for any reason, the physicians and surgeons named there cannot serve, others should be substituted who are satisfactory to the defendant, providing always there are no objections to their personal character and standing in the profession.

3. As to the third amendment, there can be no doubt that the provisions inserted in the order should be stricken out. They are all wrong in form and substance. The original order was unlimited as to the matters about which the plaintiff might be examined under oath within the issues raised by the pleadings or the allegations in the complaint. The county judge had power to leave the scope of the examination unrestricted, but we are inclined in this particular case to think there should be some limitation, and that the examination should not extend to the issues of negligence and contributory negligence, but should only relate to the question of the extent of the injuries received by the plaintiff in the accident. The language used by us should accomplish this purpose, and in order that no technical objection may be raised before the referee we have said the plaintiff might be inquired of as to the place where the accident occurred and the peculiar manner in which the injuries were received. The place should be reasonably identified and the inquiry made as to what caused the fall, how plaintiff came to fall, the peculiar manner of it. It is said that the claim and the plaintiff's complaint cover these details, and therefore her evidence in connection with her proposed examination is not necessary. While she may be bound, perhaps, by her claim and complaint, the defendant is not bound or foreclosed thereby; and so far as these things bear upon the extent of the injuries in the judgment of the physicians and surgeons the defendant should have the right thereto in connection with the physical examination. Our intention is not to permit an examination of the plaintiff, under oath, as to matters relating purely and only to the issues of negligence and contributory negligence. The real, ultimate object is to acquire information as to such personal injuries as were caused by, and resulted from, the accident; and to this end the limitation is as specific as we could safely make it. Merely

permitting the physicians and surgeons to make a physical examination of the plaintiff, long after the accident, would be inadequate as a protection to the defendant. Even if this were supplemented by an examination under oath as to her symptoms and feelings since the accident, it would be unsatisfactory. It is necessary that it shall appear what the nature of the accident was—whether a fall, and, if so, what kind of a fall, how produced, how it came about. The physicians and surgeons would be likely to desire information as to this subject, and such information should be under oath, taken by the referee, and preserved for future use in the case and on the trial:

We conclude, therefore, the order should be amended as suggested, and then affirmed.

NASH, J., concurs.