(161 App. Div. 381)
### LASHER v. S. BOLTON'S SONS.

(Supreme Court, Appellate Division, Third Department.   March 13, 1914.)

DAMAGES (§ 206\*)—EXAMINATION BEFORE TRIAL—X-RAY PHOTOGRAPH.

The examination of a witness before trial is purely statutory, and the statute authorizing the physical examination of a party to an action does not authorize the taking of photographs or X-ray pictures of any portion of the party's anatomy, especially where the party has already submitted to a physical examination for defendant's benefit.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 531; Dec. Dig. § 206.\*]

Kellogg and Howard, JJ., dissenting.

Appeal from Trial Term, Rensselaer County.

Action by Bernice L. B. Lasher, an infant, by Chesley A. Lasher, her guardian at litem, against S. Bolton's Sons. From an order directing plaintiff, a female infant, to submit to the taking of an X-ray photograph of her right foot, she appeals. Reversed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

E. Deane Vincent and John B. Holmes, both of Troy, for appellant.
Thomas S. Fagan, of Troy, for respondent.

WOODWARD, J.   This action was brought to recover damages for injuries alleged to have been sustained to the plaintiff's right foot through the negligence of the defendant; it being alleged that the latter ran over the plaintiff's right foot with a heavy beer wagon, crushing the bones, etc.   The plaintiff, through her attorney, consented that a physician, James T. McKenna, might make a physical examination of the foot in behalf of the defendant, and such examination appears to have been made on the 16th day of May, 1913.   After the case was noticed for trial, and upon being reached on the calendar, an order was granted directing the plaintiff to show cause, on the 29th day of September, 1913, why the plaintiff should not submit to have an X-ray picture taken of her right foot, at the request of defendant, by a physician to be named, and such picture taken at one of the hospitals in the city of Troy, N. Y.   Upon the return of the order to show cause, the learned court at Trial Term granted an order allowing defendant's motion.   From this order the plaintiff appeals.

We are clearly of the opinion that there is no foundation in law for this order.   The examination of witnesses before trial is purely statutory, and authority for a physical examination of a party to an action does not include authority to take photographs or X-ray pictures of the party, and this is specially true where the defendant has already, by consent of the plaintiff, had the advantage of a physical examination.   The general purpose of the statute was to change the rule of the common law (Lyon v. Manhattan R. Co., 142 N. Y. 298, 302, 37 N. E. 113, 25 L. R. A. 402), and under well-established rules the authority is not to be extended beyond the clearly expressed intention of the

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

statute, and the statute expressly provides that, in the event that the party to be examined is a female, she shall be entitled to have such examination before physicians or surgeons of her own sex, and this rule is not limited to adult females but applies to all females. The order here under consideration simply directs a particular physician, a man, to take an X-ray picture of the plaintiff's right foot, though it appears from the record that the physician is not an X-ray operator, and the order itself seems to contemplate that it shall be actually taken by some other person, for it is to be done under the direction of this physician, who is not authorized under the rules of practice to act as a referee (rule 79, General Rules of Practice), and who has, according to the language of the order, "already made a physical examination of the infant plaintiff for and on behalf of the defendant."

We are unable to discover that the fact that the plaintiff has had an X-ray picture taken of the right foot has anything to do with the question of the rights of the defendant; she has the burden of proving her case by a fair preponderance of evidence. She is bound to show the injury to her foot, and she has the right to introduce any competent evidence of the injury, but that does not give the defendant a right to go farther in a personal examination of the plaintiff than the statute clearly provides, and it must be assumed that when the plaintiff was examined, by consent, in May, the examination went as far as the defendant was entitled to go. Having completed that examination, and the party who made the same being still alive, no good reason suggests itself why the female plaintiff should be called upon to appear before the defendant's physician, not for examination, but for the purpose of taking a picture which he may examine.

There is no inherent right in the court to compel a physical examination of a plaintiff. Without the statute there would be no such right, and the fact that the plaintiff is an infant does not enlarge the powers of the court nor permit it to overlook the rules under which the right is given.

The order appealed from should be reversed, with costs. All concur, except KELLOGG and HOWARD, JJ., dissenting.