ISIDORE NEWMAN and ISAAC NEWMAN, Doing Business under the Firm Name and Style of NEWMAN BROS., Respondents, v. CHARLES POTTER and CHARLES W. SCHATTMAN, Copartners, Doing Business as POTTER & SCHATTMAN, Appellants.

First Department, May 19, 1922.

Depositions — examination of defendants before trial to enable plaintiff to frame complaint — order permitting unlimited examination improper — ex parte order for examination improper under Civil Practice Act — proper practice where examination is not to enable plaintiff to frame complaint is to serve notice for taking of deposition or to apply for order on notice — Civil Practice Act, §§ 290–292, construed — deposition to enable plaintiff to frame complaint must be had by order on notice — Rules of Civil Practice, rule 122, construed — order for examination not granted to enable plaintiff to fix amount of damage.

An order for the examination of the defendants before trial to enable the plaintiffs to frame their complaint, which is unlimited as to the scope of the examination, is improper and should be reversed.

*It seems*, that the proper practice under the Civil Practice Act, sections 290–292, to secure an examination of the defendant before trial, where such examination

is not sought for the purpose of enabling the plaintiff to frame his complaint, is either the service of a notice on the defendant or his attorney for the taking of a deposition as provided by section 290, which the defendant, under section 291, may move to vacate or modify, or to obtain an order upon notice under section 292; an *ex parte* order for an examination of an adverse party is not permissible under the Civil Practice Act.

But in case examination of the defendant is sought for the purpose of enabling plaintiff to frame his complaint, then, construing section 292 of the Civil Practice Act and rule 122 of the Rules of Civil Practice together, the plaintiff must apply for an order for the examination upon notice and an *ex parte* application is improper.

An examination of the defendant before trial for the purpose of enabling the plaintiff to frame his complaint will not be permitted where the sole purpose of the examination is to enable the plaintiff to state definitely the amount of his damage.

APPEAL by the defendants, Charles Potter and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of February, 1922, denying defendants' motion to vacate an order for the examination of the defendants before trial to enable the plaintiffs to frame their complaint.

*Joseph Gans* of counsel [*C. Arthur Jensen* with him on the brief], for the appellants.

*Nathan D. Leiman* of counsel, for the respondents.

PAGE, J.:

An order was granted *ex parte* on the application of the plaintiffs for the examination of the defendants before trial to enable them to frame their complaint, and for that purpose to testify to certain specific facts therein set forth. A motion was made to vacate the order. The court denied the motion to vacate, but modified the order by striking therefrom the requirement that the defendants be examined as to the specific facts. By striking out the specific facts all limitation upon the examination was removed, thus permitting an unlimited examination of the defendants upon any subject that the plaintiffs might desire. This would require a reversal of the order. In addition, however, the original order for the examination was wrong and should have been vacated.

The practice relating to the taking of testimony by deposition has been radically changed by the Civil Practice Act. Instead of the person who desired to examine a party or a witness before trial applying to the court or to a judge thereof, or to a judge of the court when the application was made within the First Judicial Department (See Code Civ. Proc. §§ 768,* 870 *et seq.; Grant* v. *Greene,* 121 App. Div. 761; *Metera* v. *Foster Paving Block Co.,* 171 id. 957), for an *ex parte* order for the examination, which

---

\* See Civ. Prac. Act, §§ 128, 129.— [REP.

the adverse party, if objection is urged thereto, would move to vacate or modify, the Civil Practice Act (§ 290) provides for service of a notice on the adversary or his attorney for the taking of such deposition, which (§ 291) the adverse party may move to vacate or modify. The purpose of this was to simplify the practice not only by abolishing the many technical requirements of the Code of Civil Procedure and of the General Rules of Practice (rule 82) for statements to be made on an application for such an order, but also by doing away with unnecessary applications to the court or to a judge. The Civil Practice Act preserves the right of a party to obtain an order for the examination, in the first instance, instead of proceeding by notice. In such event the application for the order shall be upon notice (§ 292) to the end that any objections thereto may be heard before the order is issued, thus making one application to the court necessary instead of two, which was the usual course under the former practice.

To safeguard from abuse the provision for taking a deposition to enable the plaintiff to frame a complaint, it was provided in rule 122 of the Rules of Civil Practice that the party shall apply for an order. Read in connection with section 292 of the Civil Practice Act, this clearly means that the party shall apply on a notice of the motion given to the adversary, and was not intended to authorize an *ex parte* application.

On an application for such an order, rule 122 provides that the applicant must present proof by affidavit that the testimony of such person is material and necessary. When it appears, as it does in the instant case, that the plaintiffs have sufficient knowledge or information to enable them to state the facts constituting their cause of action, and the only object of the examination is to enable them to definitely state the amount of damage, the order should not be granted, because they can state their general damages at an amount sufficient to cover their estimated loss. Therefore, the examination is not necessary. (*Zurich General Accident & Liability Ins. Co., Ltd.,* v. *Union Ferry Co.,* 184 App. Div. 882; *Matter of Rich* v. *Hyman,* 175 id. 969; *Brick* v. *Shaff,* 128 id. 264.) These authorities have the same weight under the Civil Practice Act that they had under the Code.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.