In the Matter of the Application of PIERRE J. GROOTHAERT, Respondent, for the Examination of HARRY COLLINS, INC., Appellant.

First Department, June 2, 1922.

Depositions — examination of defendant to enable plaintiff to frame complaint denied where sole purpose is to fix exact amount of damages — not shown that preservation of testimony was necessary to protect plaintiff.

The examination of a defendant before trial for the purpose of enabling the plaintiff to frame his complaint will not be allowed, where it appears that the plaintiff has sufficient knowledge of the facts required, and that the only uncertainty is as to the exact amount of damages which he is entitled to recover.

Examination in the present case was not necessary for the protection of the plaintiff's rights, since it appears that the defendant, a domestic corporation, is occupying a building under lease with more than seven years to run, where the principal place of business of the defendant is located and its books of account are kept, and that the statement by the plaintiff that the defendant's president is about to leave the State on an extended trip is denied by the president and no reason is shown to doubt his good faith.

APPEAL by Harry Collins, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of February, 1922, denying the motion of appellant to vacate an order for its examination, by its president, before the commencement of the action and directing the production upon said examination of certain books and papers.

*Leonard M. Wallstein* of counsel [*Ralph M. Frink* with him on the brief], for the appellant.

*Max Shlivek* [*Robert J. Blum* of counsel], for the respondent.

DOWLING, J.:

This was an application made under section 295 of the Civil Practice Act for the examination of the defendant, through its president, upon ten specified subjects, and for the production upon said examination of certain books and papers covering the business of the defendant for a period of four years. The moving affidavit, upon which the order for examination was made, disclosed that plaintiff was about to bring an action against the defendant to recover unpaid items of salary covering three weeks in the year 1920, and also damages for the breach of a contract of hiring whereby plaintiff was to be the manager of the tailoring department of the defendant's business, upon a weekly salary, and in addition a sum equal to seven and one-half per cent of the profits of the said depart-

ment. Plaintiff claims that he was unlawfully discharged without cause by the defendant. His affidavit is sufficiently full and detailed to show that he has knowledge of all the facts required to frame a complaint in the action which he proposes to bring against the defendant and the only uncertainty in his mind as to his rights is as to the amount of the profits which he is entitled to receive under his contract, and as to that he shows that he has received information from a former secretary of the defendant, which enables him to state a belief that the profits for the years in question amount to at least $200,000.

It has always been the settled policy of the court not to allow an examination of the defendant for the purpose of framing a complaint where the sole purpose is to ascertain the exact amount which plaintiff may be entitled to recover, if successful. The plaintiff here is in possession of information which he discloses that he has received and from his own knowledge of facts gained, sufficient to enable him to state the maximum of recovery, and the exact amount can be settled upon the trial. It is apparent from the plaintiff's own moving papers that the taking of the testimony in question is not necessary for the protection of his rights.

Nor is the preservation of the testimony necessary for the protection of the plaintiff's rights. The defendant is a domestic corporation, occupying a building at Fifty-seventh street and Park avenue in the borough of Manhattan, New York city, under a lease which still has more than seven years to run, and where the principal place of business of the defendant is located, and its books of account are kept therein. Plaintiff makes affidavit that he was told by certain unnamed persons that the defendant's president was about to leave New York city within a few days for the purpose of spending an extended vacation in Florida, but that allegation is denied by said president, and no reason is shown to doubt his good faith in the matter, or that he will not be within reach of the court when required.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion to vacate the order for the examination of the defendant will be granted, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.