LORETTA H. YOUNG, Plaintiff, v. JOHN W. FAIRFAX, Defendant.

Supreme Court, New York Special Term, May, 1923.

Practice — negligence — physical examination granted only when notice of application is given.

An order for the physical examination of the plaintiff in a negligence action, or for the taking of her deposition as to the nature and extent of her injuries, can be granted only upon notice.

EX PARTE APPLICATION for examination of plaintiff.

*Butcher, Tanner & Forster*, for plaintiff.

*Frank J. O'Neill*, for defendant.

LEHMAN, J. The defendant has applied to the court *ex parte* for an order for the physical examination of the plaintiff and also for the taking of testimony of the plaintiff by deposition respecting the nature and extent of her injuries. Prior to the Civil Practice Act such orders were ordinarily obtained without notice to the party to be examined, but in my opinion the Civil Practice Act now requires that such orders shall be granted only upon notice. Section 306 is part of article 29 entitled "Testimony by deposition." It provides expressly that "the order for such physical examination upon the application of the defendant may also direct that the testimony of such party be taken by deposition pursuant to this article," and even without this provision it was held under the old Code provision that an order for physical examination can be granted only as part of an examination of plaintiff as a witness before trial. *Lyon v. Manhattan Ry. Co.*, 142 N. Y. 298. It is evident, therefore, that the order asked for in this case can be granted only pursuant to the provisions of the Civil Practice Act in regard to taking testimony by deposition before trial. Section 292 of the Civil Practice Act provides that "a party entitled to take testimony by deposition may obtain an order of the court

therefor in the first instance, instead of proceeding by notice. The motion shall be upon notice to the other parties." In the recent case of *Newman* v. *Potter*, 201 App. Div. 335, the Appellate Division of this department has pointed out that the Civil Practice Act intended by this section to require notice in every case where the party proceeds to take a deposition by order of the court even where under rule 122 of the Rules of Civil Practice a party cannot proceed by notice and I can see no valid distinction between a case where a party must proceed to take a deposition by notice under the Rules of Civil Practice and a case where the party is required to proceed by order under the provisions of article 29 of the Civil Practice Act. In both cases the deposition may be taken only after obtaining an order from the court and section 292 of the Civil Practice Act provides that a motion for such order " shall be upon notice to the other parties." It follows that the motion must be denied without prejudice to a motion by defendant upon notice.

Ordered accordingly.