CHARLES JAY DAVIS, JR., an Infant, by CHARLES JAY DAVIS, His Guardian ad Litem, Respondent, *v.* JOHN F. ERDMANN and Others, Appellants.

Second Department, April 17, 1924.

**Depositions — examination of defendants before trial for purpose of framing complaint — action for injuries alleged to have been caused by negligence of defendants, physicians and surgeons — there must be order on notice of motion and affidavits as prescribed by Rules of Civil Practice, rule 122, and provision of Civil Practice Act — defendants must be served with petition — petition should allege facts with certainty.**

In an action for personal injuries to an infant plaintiff alleged to have been caused by the negligence of the defendants, physicians and surgeons, while the plaintiff was in a hospital, an examination of the defendants before trial for the purpose of enabling the plaintiff to frame his complaint must be procured by an application for an order on a notice of motion and affidavits as prescribed by rule 122 of the Rules of Civil Practice and the provisions of the Civil Practice Act.

On such an application the petition must be served on the defendants. The petition should allege with more certainty than stated in this case the physical injuries received by the infant plaintiff as the result of the alleged negligence of the defendants.

APPEAL by the defendants, John F. Erdmann and others, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 28th day of January, 1924, granting plaintiff's motion to compel defendants to submit to an oral examination for the purpose of framing a complaint.

The order directed them to testify concerning any and all acts of the defendants and the occurrences which took place at the

White Plains Hospital operating room on the 9th of May, 1918, and while the infant plaintiff was then unconscious.

*Lorenz J. Brosnan,* for the appellants.

*James Taylor Lewis* [*Henry P. Griffin* with him on the brief], for the respondent.

KELBY, J.:

Each of the defendants was served with a summons, and the defendants other than Erdmann were at the same time served with a notice of motion. The notice stated that upon the summons issued and upon the petition of Charles Jay Davis, verified the 17th day of January, 1924, the plaintiff would move for an order directing each of the defendants to appear and be examined as adverse parties. Concededly, no copy of the petition was served upon any of the defendants.

The application was made under section 295 of the Civil Practice Act and rule 122 of the Rules of Civil Practice.

The petition referred to in the notice of motion alleges: " This action is brought to recover damages against the above named defendants for injuries received by the infant plaintiff herein by reason of their and each of their careless, negligent and incompetent care, incompetent diagnosis and general misconduct by them and each of them in the care and treatment of the infant plaintiff as physicians and surgeons in and about the year 1918. * * * That incident to the operation or operations performed upon the infant plaintiff * * * while he was unconscious at the White Plains Hospital * * * on or about the 9th day of May, 1918, and while the plaintiff, Charles Jay Davis, father of said infant, and the mother of said infant were within said hospital certain negligent, careless, heedless, illegal and unwarranted and improper acts were done by these defendants and each of them and the plaintiff has no means of knowing with exactness all of such acts, how the same were done or under what circumstances, and the plaintiff has no means of ascertaining with exactness what was done in said operation room while the said infant plaintiff was unconscious, except by examination of those who were present * * *." The petition also stated that the father of the infant " has fully and fairly stated to his attorney all of the facts which were within his knowledge, but he is informed by his attorney that in order to properly and fully prepare the complaint * * * it is necessary to ascertain with perfect accuracy and exactness all that was done in the operation room at the time certain operations were done upon the body of the infant plaintiff * * *"

The purpose of the amended provisions of the Civil Practice Act concerning examinations before trial was presumably to simplify the practice. The practice under the Code of Civil Procedure was for the party to apply for an order for examination, usually made *ex parte*, and then if the adverse party objected to the order he could move to vacate or modify it. Section 290 of the Civil Practice Act now provides for service of a notice for the taking of such depositions, the notice containing the subject-matter upon which the adverse party is to be examined. This new practice was avowedly for the purpose of doing away with unnecessary applications to the court or to a judge. Section 292, however, reserves the right to apply for an order for examination in the first instance, instead of proceeding by notice of examination alone. The final sentence of that section (as amd. by Laws of 1923, chap. 385) says: " The motion shall be upon notice to the other parties who have appeared or answered."

Rule 122 provides: " If a party desire to take the deposition of an adverse party * * * to obtain information to enable him to *draw a complaint*, he shall apply for an order, or if he shall apply for an order to take testimony by deposition under any provision of article twenty-nine of the Civil Practice Act, he must present proof by affidavit that statutory grounds exist for taking the same; * * *."

Rule 122, therefore, prescribes by express terms that in an examination of a defendant before trial for the purpose of drawing a complaint, the moving party *must* apply for an order on notice. It is fairly inferable from this, construing the rule and the sections of the Civil Practice Act together, that in an examination for the purpose of framing a complaint, there must be an order on a notice of motion and affidavits as prescribed. Concededly, the notice here was served on three of the defendants, but no copy of the petition was served on any of them. This was erroneous practice. Defendant Erdmann was not served with a notice, and he is directed to appear for examination in a county in which he does not live. The petition should allege with more certainty the physical injuries received by the infant plaintiff as a result of the alleged negligence of the defendants.

The order should be reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

KELLY, P. J., RICH, JAYCOX and KAPPER, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.