SECOND DEPARTMENT, OCTOBER, 1926.

In the Matter of the Petitions of CHARLES V. RICHEY, Respondent, and Others for an Order Directing JAMES W. COLEMAN, Appellant, and THEODORE WILL to Appear before this Court, and for Examination and·Production of Papers and Records in Their Custody.

*Depositions — motion to set aside order made before commencement of action under Civil Practice Act, §§ 295 and 296, and Rules of Civil Practice, rule 123, for examination to enable plaintiffs to prepare complaint should be denied — respondent whose examination was ordered was not entitled to notice of application.*

Appeal from an order of the Supreme Court, made at the Queens Special Term and entered in the Queens county clerk's office on May 12, 1926, denying a motion to set aside an order entered on March 25, 1926, requiring appellant to appear for examination before trial.

Order denying motion to vacate order of examination affirmed, with ten dollars costs and disbursements, upon the opinion of Mr. Justice Hagarty at Special Term.    Kelly, P. J., Jaycox, Manning, Young and Lazansky, JJ., concur.

The following is the opinion of the court below:

HAGARTY, J.    Coleman, the respondent in this proceeding, moves to vacate and set aside an order made by this court for his examination pursuant to the provisions of sections 295 and 296 of the Civil Practice Act and rule 123 of the Rules of Civil Practice, for the reason that the court had no jurisdiction to grant the

order.   Section 295 provides for the taking of testimony before the commencement of an action.   Section 296 provides for the production of books and papers in custody of the party or person to be examined.   Respondent insists that he was entitled to notice of the application for the order, and cites *Davis* v. *Erdmann* (209 App. Div. 172).   The decision in that case is limited to an application made under rule 122 of the Rules of Civil Practice.   The action had been commenced and is governed by the provisions of section 292 of the Civil Practice Act.   In this application no action has been commenced, and the application is under the provisions of section 295 of the Civil Practice Act and rule 123 of the Rules of Civil Practice, and is not affected by section 292 of the Civil Practice Act.   (*Lauffer* v. *Eastern Star Temple*, 210 App. Div. 619; *Matter of National City Bank*, 205 id. 513.)   Motion denied, with ten dollars costs.