MARK COWEN, Appellant, *v.* JOSEPH FINKEL, Respondent.

Appeal from an order of the Supreme Court entered in the New York county clerk's office on May 21, 1931.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Settle order on notice. No opinion. Present — Finch, P. J., Merrell, McAvoy, Martin and Sherman, JJ.; Finch, P. J., and Martin, J., dissent.

MARTIN, J. (dissenting). The plaintiff on May 7, 1931, served the defendant with a summons and a notice to the effect that upon default in appearance or answer judgment would be taken for the sum of $18,466.29, with interest from January 16, 1930, and the costs of this action. The time of the defendant to answer did not expire until May 27, 1931. On May 12, 1931, prior to the appearance of the defendant, this plaintiff obtained an order to take the deposition of Franz Meitzen, a witness who declined to give an affidavit. The order was made returnable on May 22, 1931, before a referee. On May 16, 1931, the defendant obtained an order to show cause and a stay of proceedings and then mailed his notice of appearance which was received on May 19, 1931. The question involved on this appeal is whether a defendant who has not appeared or answered must be given notice of an application for an order to be issued pursuant to rule 120 of the Rules of Civil Practice, directing the taking of the deposition of a witness for use on a motion. The Special Term held that since no notice had been given to the defendant, the motion to vacate the *ex parte* order should be granted. Rule 120 provides that where a party intends to make or oppose a motion in a court of record and it is necessary for him to have the affidavit or deposition of a person not a party to use on the motion, the court or a judge authorized to make an order in the case may make an order appointing a referee to take the deposition of such person. The order must be founded on proof by affidavit that the applicant intends to make the motion or that notice of a motion has been given which the applicant intends to oppose. The affidavit must specify the nature of the action and must show that the deposition is necessary thereon and that such *person has refused to make an affidavit of the facts.* The appellant says that there is no provision in rule 120 requiring such notice to be served on the defendant, where the defendant has not appeared; and that the sole requirement of the rule is a one-day notice to be given to the attorney for each party appearing in the action. Here, no appearance had been made by the defendant, and his time to answer had not expired. The order calling for the examination of the witness was granted five days after the service of the summons, and fifteen days before the time in which the defendant had to appear or answer would expire. To allow such an examination of witnesses before any of the parties are in default

in appearing would be to deprive those parties, not in default, of their right to protect their interests. We are of the opinion that the Special Term properly granted the defendant's motion to vacate the *ex parte* order because of the plaintiff's failure to give notice of motion to his adversary. It is argued that this motion having been made under rule 120 of the Rules of Civil Practice, no such notice is required. Section 290 of the Civil Practice Act, which must be read in connection with rule 120, applies to all motions to take depositions. It is general in character and provides: " A party to an action desiring to obtain testimony therein by deposition shall give reasonable *notice to his adversary*, or if his adversary has appeared by attorney, to such attorney, * * *." The court considered a somewhat similar question in the case of *Newman* v. *Potter* (201 App. Div. 335), where it said: " To safeguard from abuse the provision for taking a deposition to enable the plaintiff to frame a complaint, it was provided in rule 122 of the Rules of Civil Practice that the party shall apply for an order. Read in connection with section 292 of the Civil Practice Act, this clearly means that the party shall apply on a notice of the motion *given to the adversary*, and was not intended to authorize an *ex parte* application." In the case of *Davis* v. *Erdmann* (209 App. Div. 172) the court held that there must be notice to take depositions and that the petition must be served on all the defendants. It was also held that, considering the different sections of the Civil Practice Act, including section 290, which requires notice in all cases, it was fairly inferable that it was intended that notice should be given in any case where a deposition is to be taken. In *Matter of Titanium Alloy Mfg. Co.* (198 N. Y. Supp. 503) the court said: " The Civil Practice Act provides only two methods for taking testimony by deposition: *First*, by the service of a notice as provided in section 290, which is limited by rule 122 to depositions taken after an action is commenced; *second*, by order of the court in the first instance, as required by rule 122, and only upon notice to the other parties, as provided in section 292. (*Newman* v. *Potter*, 201 App. Div. 335; 194 N. Y. Supp. 207.) " Where a witness refuses to make an affidavit and an application is made to take the deposition of such witness, the party making that application should be required to give his adversary notice so that the adversary may protect his rights, and if necessary cross-examine said witness. The parties to an action are entitled to be heard where their rights are involved and should be permitted to control their own litigation and prevent possible collusion between one of the parties and a witness whose examination is sought. (*O' Neill* v. *James*, 214 App. Div. 522.) We are, therefore, of the opinion that the rule as laid down in *Newman* v. *Potter* (*supra*) properly states the requirements necessary to take a deposition, is in the interest of justice and protects the rights of all parties to a litigation. The order vacating and setting aside the orders for the examinations should be affirmed, with ten dollars costs and disbursements. Finch, P. J., concurs.