Ruth Bloom, an Infant, by Lena Bloom, Her Guardian ad Litem, and Another, Plaintiffs, *v*. Brooklyn and Queens Transit Corporation, Defendant.

Municipal Court of New York, Borough of Brooklyn, Second District, March 28, 1934.

*Samuel Skolnick*, for the plaintiffs, for the motion.

*George D. Yeomans [James T. McKeon* of counsel], for the defendant, in opposition.

Sweedler, J.    The action is to recover damages for personal injuries.    The defendant obtained an *ex parte* order requiring the plaintiff infant, a female, to submit to a physical examination by a male physician.    This motion is to vacate said order as improper.    This court has the power to compel plaintiff to be examined.    (Mun. Ct. Code, § 117.)    Such order must be made after notice.    (*Young* v. *Fairfax*, 120 Misc. 839.)    In the *Young* case, Justice Lehman, now of the Court of Appeals, refused to grant an *ex parte* order, saying (at p. 839): " Prior to the Civil Practice Act such orders were ordinarily obtained without notice to the party to be examined, but in my opinion the Civil Practice Act now requires that such orders shall only be granted upon notice."    Section 15 of the Municipal Court Code provides that the practice of this court must conform as nearly as may be to that of the Supreme Court.

Defendant relies upon the case of *Scheidlinger* v. *Silber* (94 Misc. 323) as upholding a contrary result. That case was reversed by the Appellate Division (174 App. Div. 887).

There is another reason why the order should be vacated. The plaintiff is a female. The peculiar sensibility of a woman and usual reluctance to be physically examined by a male stranger has not only been judicially noticed (*Lyon* v. *Manhattan R. Co.*, 142 N. Y. 298, at p. 306), but has also been given express statutory recognition. Section 117 of the Municipal Court Code specifically provides that " If the party to be examined is a female, she shall be entitled to have the examination made by physicians or surgeons of her own sex." This provision is not limited to adult females, but applies equally to infants. (*Lasher* v. *Bolton's Sons*, 161 App. Div. 381, at p. 382.) To compel plaintiff to comply with the order in this case would run counter to the purpose of the statute. It is intended to afford protection to defendants to enable them to discover the truth in regard to injuries claimed to have been received by plaintiffs and thereby to promote justice.

The court is required to designate disinterested and unbiased physicians, not friends of either party. (*Goldenberg* v. *Zirinsky*, 114 App. Div. 827.) In order not to harass a female plaintiff, the statute gives her the right to demand a female physician.

Motion to vacate the order for the physical examination of this plaintiff infant is granted, with ten dollars costs.

Submit order.