AARON GRAY, Plaintiff, *v.* LOUIS H. HARRIS et al., Defendants.

Supreme Court, Special Term, New York County, June 25, 1943.

*Leo J. Bondy* and *J. Norman Lewis* for plaintiff.

*Szold, Brandwen & Shubert* for defendants.

STEUER, J. On this motion for an examination to enable plaintiff to frame a complaint the plaintiff sets forth the following history: He was for many years an employee of certain

of the defendants and in the course of time occupied a very important position in their business and also became their creditor for portions of his compensation left in the business. Later he became their partner by virtue of an agreement. Subsequently the partnership was succeeded by a corporation (the corporate defendant) in which it was agreed that he was to be a shareholder to the extent of twenty-five per cent (the same percentage that he held in the partnership). Two years after the formation of the corporation he suffered a mental breakdown and was for seven years incapable of conducting his affairs. For a substantial portion of that time he was incompetent. He has lately been cured, discharged as sane, and he now seeks whatever interest he may be entitled to in the corporation and the payment of any sums that may be due him.

As an independent ground for relief against one of the defendants he alleges that he made a cash contribution to a stock trading pool from which he received some return and he wishes to know what became of the balance. He also claims that a man named Horowitz, who owed the defendants and himself various sums, made a payment to this defendant on behalf of all his (Horowitz's) creditors and he wishes his share.

As to the two latter claims plaintiff's necessary knowledge is complete. The only factors of which he is ignorant are the amounts which may be due him and the defendants' contentions in regard to the claims. The latter he will learn in due course from the answer. The former is the usual situation in actions for an accounting. No examination is necessary. (*Matter of Groothaert,* 201 App. Div. 510.)

In regard to the items in which examination is sought on the chief claim, all but two deal with what plaintiff would be entitled to recover either on his own behalf or as a stockholder suing in a representative capacity. Such items are not allowed in advance of joinder of issue. (*Newman* v. *Potter,* 201 App. Div. 335.)

The remaining items (Nos. 1 and 4) deal with the ownership of the stock and its payment out of the assets of the partnership. These are items which are required in order to frame a complaint. If the plaintiff is a stockholder his remedy differs from that available to one with an equitable right to the issuance of shares or the owner of a cause of action for breach of agreement to issue shares. As to item 4 plaintiff should know whether the corporate stock was issued in exchange for the partnership assets in order to determine whether his remedy is in pursuit of those assets rather than his claim in regard to the corporation.

Examination allowed as to item 4 and so much of item 1 as concerns the plaintiff's ownership of the stock. The examination will be of Louis Harris individually and as president of Harris Raincoat Co. Inc. and will be at Special Term, Part II, on July 1, 1943, at 10 A. M.