■ RICKY GRUNWALD et al., Infants, by Their Guardian ad Litem, ERIC GRUNWALD, JR., et al., Respondents, and RHODA S. BROWN, Appellant, v. THEODORE SCHOFIELD et al., Respondents.— As the result of a collision in Rockland County between two motor vehicles, two actions to recover damages for personal injuries, and for medical expenses and loss of services were commenced in the Supreme Court, Rockland County, and two actions were commenced to recover damages for personal injuries, one in the Supreme Court, New York County, and the other in the Supreme Court, Queens County. The plaintiffs in the two Rockland County actions moved for consolidation, which was granted, with the place of trial fixed in Rockland County. The plaintiff in the Queens County action appeals from the order entered thereon. Order affirmed, with one bill of $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.

■ EMMA OLIVER, Appellant, v. BELTWAY REALTY CORP., Respondent.— In an action to recover damages for personal injuries, the appeal is from an order vacating a preference which had been granted about a month previously by another Justice pursuant to rule 9 of the Kings County Supreme Court Rules. Order reversed, without costs, and order granting preference reinstated. Under the unusual circumstances disclosed by this record, it is our opinion that the vacating of the order granting the preference was an improvident exercise of discretion. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.

■ AUSTIN PINK, Appellant, v. MARY M. VALENTINE, Respondent.— In an action to recover damages for personal injuries, the appeal is from an order granting respondent's motion pursuant to section 306 of the Civil Practice Act for a physical examination of appellant to be conducted by a physician " designated by the court ", who was the same physician designated by respondent. The order also provides that such examination be conducted at the designated physician's office in Nassau County and that appellant may request and receive a copy of the report of such examination and upon such request and delivery the respondent may request and receive the report of appellant's physician. Order reversed, with $10 costs and disbursements, and motion remitted to the Special Term for further proceedings not inconsistent herewith. The granting of the motion for a physical examination of appellant was proper. It was, however, improper for the court to designate a physician who was respondent's nominee, in view of appellant's objection to the examination by that physician in Nassau County. (*Ponzi* v. *City of New York*, 269 App. Div. 949; *Bloom* v. *Brooklyn & Queens Tr. Corp.*, 151 Misc. 136; *Goldenberg* v. *Zirinsky*, 114 App. Div. 827.) It was likewise improper for the court to condition the receipt by appellant of a copy of the report of appellant's physical examination by the physician designated by the court upon appellant's furnishing a copy of the report of his own physician. (*Baum* v. *Nussenbaum*, 7 A D 2d 991; *Mansoor* v. *Simon*, 5 A D 2d 845.) Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES REICHERT, Appellant.— Appeal from a judgment rendered by the Court of Special Sessions of the City of New York, Richmond County, suspending sentence after appellant had been found guilty of violating section 1140 of the Penal Law. Judgment unanimously affirmed. No opinion. Present — Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ.