## (April 8, 1963)

■ ALBERT E. ABRAMS, Respondent, v. STATMASTER CORPORATION, Appellant.— In an action commenced by the service of a summons without a complaint, the defendant appeals, as limited by its brief, from so much of a resettled order of the Supreme Court, Kings County, dated May 2, 1962, as granted the plaintiff's motion, made pursuant to rule 122 of the Rules of Civil Practice, to examine it and to direct it to produce upon the examination its books and records fo⸗ the years 1961 and 1962, for the purpose of enabling him to frame his complaint. Resettled order, insofar as appealed from, reversed, with $10 costs and disbursements, and said motion denied. Plaintiff is granted leave to serve a complaint within 30 days after entry of the order hereon. Plaintiff has fairly established that he has a cause of action for commissions earned pursuant to his alleged oral contract, but he has not shown the necessity to examine the defendant for the purpose of framing a complaint (cf. *Kenerson* v. *Davis,* 278 App. Div. 482; *Matter of Groothaert,* 201 App. Div. 510; *Newman* v. *Potter,* 201 App. Div. 335; *Rector* v. *Munsell,* 11 A D 2d 698; *Oboler* v. *Beakatron Mfg. Corp.,* 17 A D 2d 639). Insofar as plaintiff asserts he may have a cause of action in equity, he fails to substantiate that, in his contractual relationship with the defendant and in its use of information supplied by him, his rights were violated. Under such circumstances it was an improvident exercise of discretion to grant the plaintiff's motion (cf. *Stewart* v. *Socony Vacuum Oil Co.,* 3 A D 2d 582). Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.

■ CITY OF NEW YORK et al., Respondents, v. LUCKENBACH STEAMSHIP COMPANY, INC., et al., Defendants, and H. MUEHLSTEIN & CO., INC., Appellant.— In a negligence action to recover damages for injury to property, the defendant H. Muehlstein & Co., Inc., appeals from an order of the Supreme Court, Kings County, dated August 16, 1962, which denied its motion, made pursuant to section 476 of the Civil Practice Act and rule 112 of the Rules of Civil Practice, for judgment dismissing the complaint as against it. Order affirmed, with $10 costs and disbursements. Insofar as the defendant Muehlstein is concerned, the complaint alleges in substance: (a) that said defendant was the shipper and owner of a consignment of scrap foam rubber, a highly inflammable substance, which was delivered to the defendant Luckenbach's pier so defectively packed that a quantity thereof spilled and was spread about the pier; (b) that the defendant Atlantic, in the course of repair work for Luckenbach, negligently used an oxyacetylene torch so as to set fire to said foam rubber; (c) that the fire spread to explosive material stored on the pier; and (d) that plaintiffs' properties were damaged by the resulting fire and explosion. In our opinion, it may not be held, as a matter of law, that the risk of fire and explosion was not reasonably to be perceived, or that Muehlstein's negligence was not a proximate cause of the injury to plaintiffs' properties (cf. *Palsgraf* v. *Long Is. R. R. Co.,* 248 N. Y. 339; *Lopez* v. *City of New York,* 4 A D 2d 48, affd. 4 N Y 2d 738). Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.