(56 Misc. Rep. 66.)

### WOOD v. HOFFMAN et al.*

(Supreme Court, Special Term, New York County. September, 1907.)

DISCOVERY—PHYSICAL EXAMINATION.

An order providing, under Code· Civ. Proc. §§ 870, 872, 873, for the examination of plaintiff before a referee, and for a physical examination· by a physician and a subsequent examination of the physician before a referee, is unwarranted as to the latter provision.

Action by Bertram Wood against Charles W. Hoffman and Ernest Flagg. Motion to vacate order for examination of plaintiff. Modified.

Feltenstein & Rosenstein, for plaintiff.

Beaty & Burlingame, for defendants.

BRADY, J. This is a motion to vacate and set aside àn order made· for the examination of the plaintiff as an adverse party under sections 870, 872 and 873 of the Code of Civil Procedure. The order directs· the plaintiff to appear for examination before a referee, and also directs a physical examination by a physician, and further directs the· examination of the physician before the referee as to the result of his examination. In so far as the order directs or permits the examination of the physician it is clearly unwarranted. I can find no provision of law which permits it. The section of the Code of Civil Procedure (873) contemplates a physical examination of the party by the physician which includes such oral examination as the physician thinks. proper, and of the questions and answers the referee can make a record; but .the physician cannot be examined himself as to the result until the trial. This conclusion I believe to be amply supported by the opinions of the court in Lyon v. Manhattan R. Co., 142 N. Y. 298, 37 N. E. 113, 25 L. R. A. 402; Matter of Davies, 168 N. Y. 103, 61 N. E. 118, 56 L. R. A. 855; Potter v. Village of Hammondport, 112 App. Div. 91, 98 N. Y. Supp. 186.

The order is modified, so as to strike out the provision for the examination of the physician. Settle order on notice.