plaintiff as having been read in opposition to the motion, defendant appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, MILLER, and GAYNOR, JJ.

Jacob M. Leibner, for appellant.
Joseph Gans, for respondent.

GAYNOR, J. The motion to vacate the order of arrest was made on the papers on which it was granted, and hence the two new affidavits of the plaintiff could not be read in opposition. Code Civ. Proc. § 568. One of the affidavits on which the order of arrest was granted purported to be by the plaintiff, but was in fact signed by another, and the jurat attested that he swore to it. It was thus a nullity. It was corrected after the notice of motion to vacate the order of arrest was given, and it and a new affidavit by the plaintiff explaining the error are the two affidavits which the order of resettlement directed to be recited as having been read in opposition. They could not be read any more than any other affidavits.

The appellant also argues that the order denying the motion to vacate the order of arrest should be reversed, but there is no notice of appeal from that order in the record.

The order of resettlement should be reversed.

Order of resettlement reversed, with $10 costs and disbursements, and motion denied, with costs. All concur.

---

### BIEHAYN v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, Second Department. January 10, 1908.)

PLEADING—ACTION FOR PERSONAL INJURIES—BILL OF PARTICULARS.

Where, in an action for personal injuries, the complaint contained a general allegation that plaintiff was permanently injured, followed by a statement that "his left hip was bruised and injured, his nervous system was shocked and injured, and he was otherwise bruised and injured about the head, body, and limbs," defendant was entitled to a bill of particulars specifying the injuries claimed to be permanent; the physical examination authorized by Code Civ. Proc. § 872, not serving the purpose of a bill of particulars.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 954–956.]

Appeal from Special Term, Kings County.

Action by Louis E. Biehayn, an infant, by Albert Biehayn, his guardian ad litem, against the New York City Railway Company. From an order denying defendant's motion for a bill of particulars, it appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, MILLER, and GAYNOR, JJ.

Bayard H. Ames and Walter Henry Wood, for appellant.
Ralph G. Barclay, for respondent.

MILLER, J.  This is an action for personal injuries.  The defendant appeals from an order denying a motion for a bill of particulars respecting the plaintiff's injuries.  The complaint contains a general allegation that the plaintiff was permanently injured, followed by a statement that:

"His left hip was bruised and injured, his nervous system was shocked and injured, and he was otherwise bruised and injured about the head, body, and limbs."

It is well settled that in such case the defendant is entitled to a bill of particulars specifying the injuries claimed to be permanent.  The physical examination authorized by the Code of Civil Procedure (section 872) does not serve the purpose of a bill of particulars.  Baker v. New York City Railway Co., 116 App. Div. 858, 102 N. Y. Supp. 276.

The order should be reversed, and the motion granted, requiring the plaintiff to serve a bill of particulars specifying the injuries claimed to be permanent.

Order reversed, with $10 costs and disbursements, and motion granted, requiring the plaintiff to serve a bill of particulars specifying the injuries claimed to be permanent, with costs.  All concur, except HIRSCHBERG, P. J., not voting.