MIZAK v. CARBORUNDUM CO.

(Supreme Court, Special Term, Niagara County.   January, 1912.)

1. DAMAGES   (§  206*) — ASSESSMENT — PHYSICAL   EXAMINATION — REPORT   TO COURT.
    Under Code Civ. Proc. § 873, authorizing, in an action for personal injuries, the physical examination of plaintiff by physicians for defendant before a judge or a referee, under such restrictions and directions as to the court shall seem proper, the court cannot require a report of such examination to be filed by the examining physicians.
    [Ed. Note.—For other cases, see Damages, Cent. Dig. § 531;  Dec. Dig. § 206;* Discovery, Cent. Dig. §§ 92–98.]

2. DAMAGES (§ 206*)—ASSESSMENT—PHYSICAL EXAMINATION—POWER OF COURT.
    An examination of plaintiff in actions for personal injuries by physicians for defendant authorized by Code Civ. Proc. § 873, is not an absolute right, but depends on the defendant's ignorance of the value and extent of the injuries complained of, and, where such examination is granted, the court must protect the plaintiff from objectionable examination, and when the nature of the proposed examination, as by the administration of anæsthetics, or of atropine in the eye, might possibly endanger his health, the court will not require him to take the hazard if he objects; and other directions and restrictions as to the making of the examination may be imposed.
    [Ed. Note.—For other cases, see Damages, Cent. Dig. § 531;  Dec. Dig. § 206.*]

3. DAMAGES (§ 206*)—ASSESSMENT—PHYSICAL EXAMINATION—FILING OF REPORT.
    Code Civ. Proc. § 873, which provides that in actions for personal injuries the court on application may direct that plaintiff submit to a physical examination by one or more physicians or surgeons to be designated by the court, such examination to be under such restrictions and directions as to the court seem proper, and that, in such actions, where defendant shows that he is ignorant of the nature and extent of the injuries complained of, the court may order such examination, does not

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

contemplate that plaintiff shall be informed of the results of such an examination, or that any report be filed by them in court before trial, but merely that the physician will testify as other witnesses on the trial if called by the party.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 531; Dec. Dig. § 206.*]

4. DAMAGES (§ 206*)—ASSESSMENT—PHYSICAL EXAMINATION—PHYSICIAN AS OFFICER OF COURT—REPORT.

. A physician designated by the court to make a physical examination of plaintiff in a personal injury case, under Code Civ. Proc. § 873, who takes no oath of office and has no statutory fee, and who is under no duty to act until employed by defendant, is not compellable, as an officer of the court, to make a report of the examination to it.

[Ed. Note.—For other cases, see Damages, Dec. Dig. § 206.*]

Action by Paul Mizak against the Carborundum . Company. Application by plaintiff for an order amending an order for the physical examination of plaintiff made on defendant's application, by requiring the examining physicians to report in writing the result, and to file such report in the county clerk's office. Motion denied.

Augustus Thibaudeau, for plaintiff.
Alfred W. Gray, for defendant.

POUND, J. Defendant obtained the usual order for the medical examination of plaintiff before trial, under Code Civ. Proc. § 873. Dr. Wilson, named in the order to make the examination, was employed by defendant for that purpose. He made the examination, but he refuses to disclose to plaintiff's attorney what he learned as a result thereof. Plaintiff now moves for an order requiring him to make and file a report of such examination.

[1] Section 873 of the Code of Civil Procedure provides that:

"Such examination shall be had and made under such restrictions and directions as to the court or judge shall seem proper."

It is urged that this provision authorizes, at least, the court to require such report to be made. Under the terms of the section "the experts are not required to reduce anything to writing or to make any report to the court, and no provision is made for a record by any one." O'Brien, J., in Lyon v. Railroad Co., 142 N. Y. 304, 37 N. E. 113, 25 L. R. A. 402. And it has been held that the court has no power to require that the evidence of the physicians be taken by the referee. Potter v. Village of Hammondsport, 112 App. Div. 91, 98 N. Y. Supp. 186. Common practice in these cases, as I have observed it, seems to sustain the rule formulated by Ingraham, J., in Wood v. Hoffman, 121 App. Div. 640, 106 N. Y. Supp. 311, where he says:

"The knowledge acquired by the physician during the examination is no different from the knowledge acquired by a physician who examines a patient under other circumstances, and any party can procure the testimony of this physician by calling him upon the trial."

As is well known, orders for these physical examinations, made without statutory authority, were vigorously condemned as an arbitrary and unwarranted extension of the power of the court in Mc-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

132 N.Y.S.—70

Quigan v. D. L. & W. R. R. Co., 129 N. Y. 50, 29 N. E. 235, 14 L. R. A. 466, 26 Am. St. Rep. 507, following Union Pacific R. R. Co. v. Botsford, 141 U. S. 250, 11 Sup. Ct. 1000, 35 L. Ed. 734. These holdings were based on the sacred right of the individual to be let alone—the inviolability of the person—but the amendment to the Code permitting the court to order such examinations (chapter 721, L. 1893) was upheld as constitutional in Lyon v. M. R. Co., 142 N. Y. 298, 37 N. E. 113, 25 L. R. A. 402, and for nearly 20 years plaintiffs in personal injury cases have been required almost as matter of course to submit to a physical examination by physicians appointed by the court at the instance of the defendant to qualify them as witnesses for the defense on the trial, if so needed.

Judge O'Brien said in the Lyon Case, supra:

"The power conferred by the amendment should never be used in such a way as to leave any doubt as to the fairness and good faith of the proceeding; otherwise it may prove to be a sword, instead of a shield. It should be a fair and open inquiry after truth, in which both sides are or may be actors. If it is used only for the purpose of enabling the defendant to prepare expert witnesses to give testimony at the trial, it will be hardly possible to keep the fact from the jury, and it is easy enough to see how such an element in the case might be used to excite sympathy, stimulate prejudices, and in some cases possibly to enhance damages."

But experience teaches that a fairly conducted open examination of plaintiff by reputable physicians at the instance of defendant is of the greatest value, not only as a protection of the defendant from unfounded claims, but also, in many cases, as a protection of the plaintiff from the imputation of malingering and perjury.

[2] This examination is not an absolute right. It must appear that defendant is "ignorant of the nature and extent of the injuries complained of." The court must protect the plaintiff from disreputable or objectionable handling. A woman plaintiff may not be required to submit to an examination except by physicians and surgeons of her own sex. Potter v. Village of Hammondsport, supra. When the nature of the proposed examination as by the administration of anæsthetics or drops of atropine in the eye might possibly endanger the plaintiff's health, the court will not require the hazard to be taken if the plaintiff objects; other directions and restrictions as to the making of the examination may be imposed. Subject to these qualifications, the language of Williams, J., in the Potter Case, supra, indicates, I think, the legislative intent. He says:

"It seems to us the defendant should be permitted to have its own physicians or surgeons, the persons it would rely upon to aid it in the trial, make the examination, providing they are reputable and not personally objectionable to the plaintiff."

[3] Plaintiff's physicians file no report, are subject to no examination before trial, do not disclose their knowledge or information to the defendant without the plaintiff's consent. They give their evidence in court upon the trial. A defendant in a negligence case may not be compelled to disclose before trial what the physical examination of plaintiff by its physicians reveals, any more than it may be compelled to disclose what it expects to prove by its other witnesses.

Equality in this respect is fair. The real purpose of the examination is to discover to defendant "the nature and extent of the injuries complained of." The section gives the court no express authority to require the defendant's physicians to disclose before the trial the results of their examination of plaintiff, and I shall not venture to imply such authority. The failure of the Legislature to require any examination of the examining physicians before the referee or any report to be made and filed by them is, to my mind, satisfactory evidence that nothing of the kind was contemplated when the amendment of 1893 was enacted, and that it was expected that such physicians would merely testify, like other witnesses, on the trial, if called by either party.

[4] It is urged by plaintiff that Dr. Wilson is an officer of the court by virtue of his designation as an examining physician and surgeon under the order herein, and that the court, therefore, has inherent power to order him to make such report. But the physicians and surgeons designated under section 873 take no oath of office and have no statutory fees. While the court may, in its discretion, designate physicians and surgeons not nominated by the defendant, they are under no duty or obligation to act until defendant employs them to make the examination. Thus they necessarily become the employés of the defendant before they act, and, when they act, it is in that capacity. As the very object of the section would be defeated if they did not thoroughly make the examination and freely and fully impart to defendant the results thereof, they should be satisfactory to defendant, provided always that there are no objections to their personal character or professional standing or to their availability in a given case. I conclude that they cannot be compelled, as officers of the court, to make a report to it.

Motion denied.