FRANCIS B. GREGORY, Respondent, *v.* ACME ROAD MACHINERY COMPANY, Appellant.

Fourth Department, December 6, 1916.

Practice — physical examination of party before trial — X-ray examination.

A plaintiff in an action for personal injuries may not be compelled under section 873 of the Code of Civil Procedure to submit to an X-ray examination of his injured bones as a part of his physical examination before trial, as it is not absolutely certain that he will not be injured by the taking of the radiograph.

FOOTE, J., dissented, with opinion.

APPEAL by the defendant, Acme Road Machinery Company, from part of an order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Onondaga on the 27th day of October, 1916, denying defendant's motion for an order directing plaintiff to submit to having an X-ray picture taken.

*C. V. Byrne*, for the appellant.

*Peter B. Cole*, for the respondent.

KRUSE, P. J.:

The question here is whether the plaintiff may be compelled, under the provisions of section 873 of the Code of Civil Procedure, to submit to an X-ray examination in connection with the usual physical examination before trial in an action for personal injuries.

The Special Term held that the court has no power to order plaintiff to submit to the taking of an X-ray picture, and I think that holding is correct. If it were absolutely certain that plaintiff would not be injured by the taking of the radiograph, I think he might be compelled to submit to the same in aid of the physical examination. It is true that the expert who it is proposed shall take the radiograph states in his affidavit that with his apparatus there is no danger of burning or of subjecting the plaintiff to any bodily injury. But it is well known that persons have been burned and seriously injured in taking such radiographs and the expert concedes that where an operator is not experienced and has not extensive knowledge of radiography a person may be burned by the ignorance of the operator and by too long exposure.

We are clearly of the opinion that the plaintiff cannot be required to take the hazard of such an examination. This is not the taking of an ordinary photograph which could do no harm to the subject. A want of attention, care and skill upon the part of the operator might result in serious injury to the plaintiff, and that hazard the plaintiff should not be required to take, even if the provisions of the section were adequate to compel him to do so.

A further discussion of the question seems unnecessary. The conclusion here reached is in accord with the reasoning in *Mizak* v. *Carborundum Co.* (75 Misc. Rep. 205, affirmed by this court, 151 App. Div. 899), and of the Third Department in *Lasher* v. *Bolton's Sons* (161 id. 381).

The order should be affirmed, with ten dollars costs.

All concurred, except FOOTE, J., who dissented in an opinion.

FOOTE, J. (dissenting):

I dissent and vote for reversal of the order appealed from.

I think the court has the power under section 873 of the Code to require plaintiff to permit a radiograph to be taken of his injured bones as part of his physical examination. The reasons are well stated in the opinion of WHEELER, J., in an unreported case printed in the record. It is the accepted method in universal use of determining the nature and extent of bone injuries. The case of *Mizak* v. *Carborundum Co.* (75 Misc. Rep. 205; affd., 151 App. Div. 899) did not involve this question in any way. An order had been made in that case for a physical examination of the plaintiff, and the examination had already been had and completed when plaintiff moved to amend the order so as to require the physician to file in the clerk's office a written report of the results of his examination. No other question was presented or decided. In *Lasher* v. *Bolton's Sons* (161 App. Div. 381) plaintiff appealed from an order requiring her to permit defendant's physician to take an X-ray picture of her injured foot. The order was properly reversed upon the grounds stated in the opinion of WOODWARD, J., other than the supposed want of power in the court below to make it. Two of the judges dissented. If the case is authority for the proposition that the court is without power under section 873 of the Code to require a plaintiff in a negligence action who claims to have sustained bone injuries to permit an X-ray picture to be made as a part of his physical examination before trial, then I am unwilling to follow it.

I recommend that the order appealed from be reversed, with ten dollars costs and disbursements, and that the motion be remitted to the Special Term to be decided upon its merits, inasmuch as the motion was denied solely for want of power to grant it.

Order affirmed, with ten dollars costs and disbursements.