Rosalie Tutone, Plaintiff, *v.* New York Consolidated
Railroad Company, Defendant.

(County Court, Kings County, June, 1919.)

Depositions — order for physical examination of plaintiff before trial
vacated — negligence.

> Where an order for the physical examination of the plaintiff
> before trial in a negligence action provides that "the report
> of the physician be given to counsel for the defendant" it will
> be vacated on plaintiff's motion.
>
> The doctor in such case cannot be required to make any
> report prior to being called as a witness.

Motion to vacate an order for physical examination
before trial.

Van Zandt & Webb, for plaintiff.

George D. Yeomans, for defendant.

Dike, J.  Plaintiff moves to vacate an order for her
physical examination before trial in a negligence action
because the order provides, without warrant of law,
" that the report of the physician be given to counsel
for the defendant."

The application for the examination in question was
made under section 873 of the Code of Civil Procedure.
It has always seemed to me that this section conferred
upon the court extraordinary powers, very closely tres-
passing " on the sacred right of the individual to be
let alone — inviolability of the person," this phrase
being that of Pound, J., in the case of *Mizak* v.
*Carborundum Co.,* 75 Misc. Rep. 205.  For twenty
years plaintiffs in negligence cases have been required,

as we all know, upon applications of this kind and on order of the court therefor, to submit to a physical examination by physicians appointed by the court at the instance of the defendant, but I cannot feel that the court should construe this section with any more liberality than is absolutely necessary; that there should not be any greater extension of the court's power which would further encroach upon the rights of the plaintiff. In the *Mizak Case, supra,* the application was for an order amending the order for the physical examination of the plaintiff made on defendant's application under section 873 of the Code, by requiring the physician to report in writing the result of his examination and to file his report in the county clerk's office. On this motion both sides relied upon the *Mizak* case in their argument before me, and in my consideration of that case I feel that it supports the contention of the moving party rather than the opposition. The defendant seeks to have the report of the physician given to it. As a matter of fact, the doctor does not have to make a report at all. In the case of *Lyon* v. *Manhattan R. Co.,* 142 N. Y. 298, which declared the provisions of section 873 constitutional, it was held: ''All the defendant can get from the proceeding upon this construction is an opportunity to have two physicians inspect the plaintiff's person as to any external marks or symptoms of injury or disease, for the purpose of enabling them to testify at the trial, it may be years afterwards. The defendant's counsel cannot even know in advance of the trial what testimony the experts can give, whether for or against him, unless, after an appointment by the court, they should volunteer to disclose to him the results of their observation, and this might not be regarded as altogether proper on their part.'' And in the same opinion it is further stated: '' The power conferred

by the amendment should never be used in such a way as to leave any doubt as to the fairness and good faith of the proceeding, otherwise it may prove to be a sword instead of a shield. It should be a fair and open inquiry after truth, in which both sides are or may be actors.''

In a case of this kind the referee appointed in the order takes the evidence of the plaintiff — not of the doctor — and in the case of *Wood* v. *Hoffman,* 56 Misc. Rep. 66; affd., 121 App. Div. 636, Mr. Justice Brady said: ''The section of the Code (873) contemplates a physical examination of the party by the physician which includes such oral examination as the physician thinks proper, and of the questions and answers the referee can make a record, but the physician cannot be examined himself as to the result until the trial.''

I believe this provision to be beneficial and one calculated to clarify situations arising in occasions of this kind, but there should be no elements of the '' star chamber '' methods permitted to attach themselves to such a proceeding. This very question I find has been passed upon by one of my learned associates in this court in the case of *Herbert* v. *B. H. R. R. Co.,* and I concur in his conclusion.

I, therefore, conclude to vacate the order for the physical examination of the plaintiff before trial, with ten dollars costs, and with leave to renew in accordance with the above opinion.

Ordered accordingly.