GUSSIE KELMAN, Respondent, v. UNION RAILWAY COMPANY OF NEW YORK CITY, Appellant.

First Department, July 14, 1922.

**Depositions — examination of plaintiff by physician before trial — examination for defendant's benefit — physician not required to file report but should communicate results to defendant's attorney — physician not commissioned to hold inquisition and should not be required to file report or give copy to plaintiff's attorney.**

The physical examination of the plaintiff in a negligence action before trial at the instance of the defendant is for the defendant's benefit, and the physician is not required to file a report of his findings nor can he be compelled to make a formal report to either party, but it is to be expected that he will communicate the results of his examination to the defendant's attorney.

Although the physician is appointed by the court to make the examination, he is not thereby constituted a commission to hold an inquisition on, the physical condition of. the plaintiff, but is simply to testify on the trial as other witnesses to the facts that he ascertained from such examination.

APPEAL by the defendant, Union Railway Company of New York City, from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 20th day of February, 1922, modifying an order previously made, permitting a physical examination of the plaintiff so as to provide that the physicians who made such examination shall file their reports with the referee and deliver copies to the attorney for the plaintiff and to the attorney for the defendants.

On March 17, 1922, a motion for stay was granted, and delivery of physicians' report to the defendant or its attorney pending appeal was also stayed. (See 201 App. Div. 845.)

*Alfred T. Davison* [*Oliver R. Brant* of counsel], for the appellant.

*Manley J. Greenwald,* for the respondent.

PAGE, J.:

The action is to recover damages for personal injuries sustained by the plaintiff by reason of the alleged negligence of the defendant. An order was obtained by the defendant for the examination of the plaintiff before trial, before a referee, as to the nature and extent

of the injuries received by her, and to submit to a physical examination to be made by two physicians therein named. At the conclusion of the physical examination the defendant's attorney informed the physicians they were not to file their report with the said referee or deliver a copy thereof to the plaintiff's attorney; that the defendant alone was entitled to receive their report. The plaintiff's attorney on the other hand demanded that they file their report with the referee and deliver a copy to the attorney. One of the physicians applied to the referee for instructions and was advised not to report to the referee or either of the parties. The physician then applied to the justice who made the order for the examination, and he wrote an opinion with the conclusion that the physicians should file their report with the referee and that they could furnish a copy thereof to the attorney for the plaintiff as well as to the attorney for the defendant. An application was thereupon made for a modification of the order for examination directing that the report be given to the defendant, which was denied and the order was modified to conform to the opinion.

The right to a physical examination of an adverse party did not exist in this State prior to the adoption of the amendments to section 873 of the Code of Civil Procedure. (Laws of 1893, chap. 721; Laws of 1894, chap. 428; *McQuigan* v. *D., L. & W. R. R. Co.*, 129 N. Y. 50; *Cole* v. *Fall Brook Coal Co.*, 159 id. 59, 69.) The Code permitted such an examination in connection with the examination of the party before trial.* It was entirely silent as to the limits of the examination of the party, and what should be the results of the physician's examination. At first it was held: " The examination by the physician is not to take place in the presence of the referee or of the defendant's attorney, but is to be a private examination, and subsequent to such private examination the physician is to appear before the referee and testify as to the condition in which she then found the plaintiff." (*Bell* v. *Litt*, 12 App. Div. 626.) But subsequently the same court stated: " The physician is a third party, and it is not alleged that he is sick or infirm or that there is any necessity for taking his deposition for the purpose of preserving his testimony. His deposition should not have been directed to be taken, and the order striking out the requiring of it to be done was proper." (*Wood* v. *Hoffman Co.*, 121 App. Div. 636, 638.) If it had been the intention that the results of the physician's examination should be available to both parties, and should constitute a part of the deposition taken before the referee, certainly the most orderly procedure would have been to have the physician testify as to the

---

* Now Civ. Prac. Act, § 306, with material change.— [REP.

results of the examination. The case of *Wood* v. *Hoffman Co.* (*supra*) not only disposed of the contention that the physician's deposition should be taken but also limited the examination of the plaintiff to the character and extent of the injuries.

In *Tutone* v. *New York Consolidated R. R. Co.* (107 Misc. Rep. 571) a county judge of Kings county vacated an order that provided that " the report of the physician be given to counsel for the defendant." On appeal this order was reversed and the order was modified to provide that the report of the doctor be given to the attorney for the defendant, and a copy thereof to the attorney for the plaintiff. (189 App. Div. 954.) As the modification was without opinion we are not aware of the grounds of the decision. The difficulty we find in following that decision is that section 873 of the Code of Civil Procedure does not require the physician to make a report to any one. In our opinion the reasoning and decision of Mr. Justice POUND in *Mizak* v. *Carborundum Co.* (75 Misc. Rep. 205, 208; affd., 151 App. Div. 899) is sound and should be adopted by this court. So far as it relates to the question under consideration it follows:

" Plaintiff's physicians file no report, are subject to no examination before trial, do not disclose their knowledge or information to the defendant without the plaintiff's consent. They give their evidence in court upon the trial. A defendant in a negligence case may not be compelled to disclose before trial what the physical examination of plaintiff by its physicians reveals, any more than it may be compelled to disclose what it expects to prove by its other witnesses. Equality in this respect is fair. The real purpose of the examination is to discover to defendant ' the nature and extent of the injuries complained of.' The section gives the court no express authority to require the defendant's physicians to disclose before the trial the results of their examination of plaintiff, and I shall not venture to imply such authority. The failure of the Legislature to require any examination of the examining physicians before the referee, or any report to be made and filed by them, is, to my mind, satisfactory evidence that nothing of the kind was contemplated when the amendment of 1893 was enacted, and that it was expected that such physicians would merely testify, like other witnesses, on the trial, if called by either party.

" It is urged by plaintiff that Dr. Wilson is an officer of the court, by virtue of his designation as an examining physician and surgeon under the order herein. and that the court, therefore, has inherent power to order him to make such report. But the physicians and surgeons designated under section 873 take no oath of office and have no statutory fees. While the court may,

in its discretion, designate physicians and surgeons not nominated by the defendant, they are under no duty or obligation to act until defendant employs them to make the examination. Thus they necessarily become the employees of the defendant before they act and, when they act, it is in that capacity. As the very object of the section would be defeated if they did not thoroughly make the examination and freely and fully impart to defendant the results thereof, they should be satisfactory to defendant, provided, always, that there are no objections to their personal character or professional standing or to their availability in a given case. I conclude that they cannot be compelled, as officers of the court, to make a report to it."

As the examination is made in behalf of the defendant, at its expense and because it is ignorant of the nature and extent of the plaintiff's injuries, unless the physician communicated the result of the examination to the defendant's attorney, he would be as ignorant of the plaintiff's physical condition after the examination as he was before. It is, therefore, to be expected that the results of his examination be communicated to the defendant's attorney. He cannot be required to file a report either with the referee or with the clerk of the court, nor can he be compelled to make a formal report to either party. Although the physicians are appointed by the court they are not thereby constituted a commission to hold an inquisition on the physical condition of the plaintiff. They are simply to testify on the trial as other witnesses to the facts they ascertained from such examination.

The order should be reversed, with ten dollars costs and disbursements, and the defendant's motion granted, without costs.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and defendant's motion granted, without costs.