FRANK M. HOLLISTER, Respondent, *v.* ANNA L. ROBERTSON, Appellant.*

Third Department, March 11, 1924.

**Depositions — physical examination of plaintiff before trial — X-ray examination may be permitted under Civil Practice Act, § 306 — order for examination of resident plaintiff outside State improper under Civil Practice Act, § 300.**

The court may, under section 306 of the Civil Practice Act, require an X-ray examination as a part of the physical examination of the plaintiff before trial whenever, in the exercise of its discretion, it deems that the issues between the parties and the advancement of the science of the use of such apparatus fairly indicate the justice of requiring it in any particular case.

It is improper, however, under section 300 of the Civil Practice Act, for the court to direct a resident plaintiff to submit to a physical examination before trial at a point outside the State.

APPEAL by the defendant, Anna L. Robertson, from an order of the Supreme Court, made at the Broome Special Term and entered in the office of the clerk of the county of Tioga on the 23d day of January, 1924, granting the plaintiff's motion to vacate and set

---

* See *contra, Van Orden* v. *Madow* (207 App. Div. 827), decided by Second Department on October 11, 1923.—[REP.

aside an *ex parte* order obtained by defendant, which directed plaintiff to submit to a physical examination before trial, including an X-ray examination.

*George L. Andrews*, for the appellant.

*Walter J. Relihan*, for the respondent.

PER CURIAM:

We think that this court should express its present views upon the question of the power of the court under section 873 of the Code of Civil Procedure (Civ. Prac. Act, § 306) to require an X-ray examination as a part of a physical examination before trial. There were various elements considered by this court in deciding the case of *Lasher* v. *Bolton's Sons* (161 App. Div. 381). So far, however, as the opinion of this court in that case indicated that the court was without power to require such an X-ray examination we are unwilling to continue to follow it. That decision was rendered just ten years ago and since that time there has been such a perfection of the science of taking such X-ray pictures that their use, particularly in determining the presence and extent of bone injuries, has become universal and is the accepted method in the best medical practice. Any danger of burning or other bodily injury, when proper apparatus is used and skillful practitioners are employed has apparently been eliminated. Our present view is that it is not beyond the power of the court to require it in a proper case, but that its use may be required under proper safeguards whenever, in the exercise of its discretion, the court deems that the issues between the parties and the advancement of the science of the use of such apparatus fairly indicate the justice of requiring it in any particular case. In this case the original order required a resident plaintiff to be examined outside the State. In that respect the order was without authority. (Code Civ. Proc. § 886; Civ. Prac. Act, § 300.) The order appealed from, which set aside the original order, vacated the same without prejudice to a renewal, by the defendant, of her motion for plaintiff's physical examination. We think we should affirm this order and leave the decision of the merits to the Special Term. Upon new papers that court will be able to fix proper restrictions and directions, if the X-ray examination is allowed. The papers before us are inadequate for that purpose.

Inasmuch as the motion may have been granted below solely upon the ground of assumed lack of power to modify the original order so as to direct a suitable X-ray examination, the order should be affirmed, without costs of this appeal.

Order unanimously affirmed, without costs.