BENJAMIN BOYLAND, Plaintiff, *v.* MEYER LIBMAN and Another, Defendants.

Supreme Court, Westchester County, March 16, 1927.

**Depositions — physical examination of plaintiff before trial — X-ray examination permitted, under Civil Practice Act, § 306, to determine whether or not wrist is fractured.**

In this action for personal injuries, in which plaintiff contends that he suffered a fractured wrist, an X-ray examination before trial will be permitted, under section 306 of the Civil Practice Act, to definitely determine whether or not such a fracture had, in fact, resulted from the accident.

MOTION by defendants for an order directing plaintiff to submit to an X-ray picture of his wrist.

*Stephen R. J. Roach,* for the plaintiff.

*Frederick H. Berges, Jr.,* for the defendants.

LYNCH, J. This is an action wherein the plaintiff seeks to recover damages for alleged personal injuries. Upon the argument of the motion for a physical examination of the plaintiff, and from the pleadings in the case, it is plainly evident that upon the trial of the action the plaintiff will contend that he received a fracture to his wrist.

The report of Dr. Jason S. Parker, the physician making the

examination of the plaintiff, shows that he is evidently unable to determine definitely whether such a fracture had in fact resulted from the accident, for in the concluding part of his report he uses the following expression: " There is no evidence of a fracture of the forearm. It would be advisable to have an X-ray made."

The calendars of our courts in this locality are very much congested, and it is obvious that, with the uncertainty of this issue in the case, a great deal of the time of the court will be consumed in determining whether or not the plaintiff received a fracture, and in the last analysis the jury may be called upon to speculate upon a question which could, in advance of the trial, be definitely ascertained by the use of X-rays.

I am not unaware of the decision in *Van Orden* v. *Madow* (207 App. Div. 827), wherein the Appellate Division in the Second Department, by a divided court, held that section 306 of the Civil Practice Act did not authorize the court to direct the plaintiff to submit to an X-ray photograph; but my attention is called to the case of *Hollister* v. *Robertson* (208 App. Div. 449), where the Appellate Division in the Third Department, in 1924, reached a contrary conclusion, and in that very well-reasoned opinion reference was made to the fact that, since an earlier decision of that department, rendered some ten years before, holding such an order to be unauthorized (Code Civ. Proc. § 873), there has been a perfection of the science of taking such X-ray pictures, and that their use, particularly in determining the presence and extent of bone injuries, has become a matter of universal use, the accepted methods in the best medical practice, and the danger of burning or other bodily injury, when proper apparatus is used, have been eliminated.

It is obvious that no injury can be occasioned the plaintiff by submitting his wrist to an X-ray picture. Whatever the dangers might be claimed, were the X-rays to be taken of other parts of his anatomy, I can see no valid reason for holding that such a right should not be afforded the defendants, where such an important issue as to whether or not a fracture of the wrist occurred can in all probability be definitely determined by that method.

The motion, therefore, for an order directing the plaintiff to submit to an X-ray picture is accordingly granted; in order that the trial of the action may not be delayed, the order should provide that the trial may only be stayed until twenty-four hours after the plaintiff submits to such X-ray. The order should further provide that, in the event that the plaintiff refuses to submit to such an examination, the trial of the action be stayed until the law upon this subject be definitely and finally settled.

Submit order on notice.