### MITCHELL v. PURE OIL CO.
### No. 7397.

District Court, E. D. New York.
Oct. 11, 1937.

1022

William L. Waller, of New York City, for plaintiff.

Tompkins, Boal & Tompkins, of New York City, for defendant.

MOSCOWITZ, District Judge.

This is a motion for an order directing the plaintiff in a personal injury action to present himself at the office of a physician designated by the defendant so that the physician may make a physical examination of the plaintiff and take X-ray pictures.

Section 306 of the Civil Practice Act of the state of New York provides for a physical examination of a plaintiff in an action to recover damages for personal injuries. This section reads as follows: "§ 306. In an action to recover damages for personal injuries, if the defendant shall present to the court satisfactory evidence that he is ignorant of the nature and extent of the injuries complained of, the court, by order, shall direct that the plaintiff submit to a physical examination by one or more physicians or surgeons to be designated by the court or judge, and such examination shall be had and made under such restrictions and directions as to the court or judge shall seem proper."

This section is quite definite, it does not permit the defendant to designate the physician. Such designation has to be made by the court or judge.

It is the plaintiff's contention that, while the court is authorized to appoint a physician requiring the plaintiff to submit to a physical examination, such physical examination under section 306 of the Civil Practice Act, supra, does not include X-ray photographs.

Plaintiff, in his bill of particulars, claims that due to the accident he sustained the following injuries:

"(a) Sacro-iliac relaxation

"(b) Increased sacro-lumbar angle, Plaintiff has severe pains in the back, with tenderness over the affected sacro-iliac joint."

While it is true that at the time of the enactment of section 306 of the Civil Practice Act, supra, there were few X-ray photographs taken as compared with the present day, nevertheless, a physician in the treatment of a bone injury such as is claimed by the plaintiff would be remiss in his duty and guilty of negligence if he did not take X-ray photographs. X-ray photographs are the common and proper procedure in a case involving the injuries claimed. The courts must keep progress with science. To do otherwise would be stepping backward. The decisions of the New York state courts seem to be in accord that X-ray photographs are proper in a case like this. Gimenez v. Great Atlantic & Pacific Tea Company, 236 App.Div. 804, 259 N.Y.S. 597; McInnes v. Cannon, 225 App.Div. 852, 232 N.Y.S. 805; Hollister v. Robertson, 208 App.Div. 449, 203 N.Y.S. 514; Gilbert v. Klar, 223 App.Div. 200, 228 N.Y.S. 183.

Defendant is entitled to a physical examination of the plaintiff, not by its own physician, but by one designated by the court.

There is but one remaining question. Defendant claims that only the defendant's attorneys should receive a copy of the report of the examining physician. With this contention I am unable to agree. Certainly, a lawsuit should not be a game of chance, one side should not have an advantage over the other. If the defendant is entitled to a copy of the report, the plaintiff is likewise entitled to receive a copy. There is some difference of opinion in the

courts of New York state on this subject. Kelman v. Union Railway Co., 202 App.Div. 487, 195 N.Y.S. 313; Tutone v. New York Consolidated Railroad Company, 107 Misc. 571, 177 N.Y.S. 818; Lyon v. Manhattan R. R. Co., 142 N.Y. 298, 37 N.E. 113, 25 L.R.A. 402.

The court will appoint a disinterested physician who will make a physical examination. Plaintiff will be directed to submit to a physical examination as to the nature and extent of the injuries complained of as set forth in his bill of particulars and in conjunction therewith plaintiff will be ordered to submit to the taking of X-ray photographs of such parts of his body as the examining physician may deem necessary.

 Section 306 of the Civil Practice Act, supra, reads as follows: "Such ex-amination shall be had and made under such restrictions and directions as to the court or judge shall seem proper." Under this provision the court can protect the rights of the plaintiff and the defendant. It would seem that such protection can be had by permitting plaintiff's and defend-ant's physicians to be present at the examination conducted by the physician designated by the court. In view of the fact that defendant has made the application for the appointment of a physician, his services in the examination of the plaintiff and the taking of the X-rays should be borne by the defendant. If the defendant and the physician designated by the court cannot agree upon the physician's fees the court will fix the same.

Motion for physicial examination granted as indicated. Order signed.