EDWARD STOCZYNSKI, an Infant, by STANISLAUS STOCZYNSKI, His Guardian ad Litem, Plaintiff, *v.* LAURENCE C. CROFT, Defendant.

Supreme Court, Erie County, March 10, 1938.

*Reisman, Schanzer & Kister,* for the plaintiff.

*Thomas O. Perrella,* for the defendant.

HARRIS, J.   This is an action for damages for personal injuries. The defendant herein moves under section 306 of the Civil Practice Act for an order requiring the plaintiff herein to submit to a physical examination by a physician.   The plaintiff raises no objection to the examination by a physician nor to the fact that the defendant has suggested the name of the physician, but the plaintiff insists that counsel for the plaintiff should be furnished with a copy of the report made by such physician.   Defendant objects to the furnishing of such copy.   Whether or not the plaintiff in a personal injury action is entitled to a copy of the report made by a physician appointed on the motion of the defendant has been the subject of some discussion in the courts of this State.   The most recently recorded opinion on the subject is that of the Federal District Court of the Eastern District of New York by MOSCOWITZ, District Judge.   There Judge MOSCOWITZ ordered that the copy of the report be furnished to the plaintiff.   In support of his ruling he made the statement: " Certainly, a lawsuit should not be a game of chance, one side should not have an advantage over the other.   If the defendant is entitled to a copy of the report the plaintiff is likewise entitled to receive a copy."   (*Mitchell* v. *Pure Oil Co.*, 20 F. Supp. 1021.)   The cases cited in his opinion as having already passed on the question in the State courts are as follows: *Kelman* v. *Union R. Co.* (202 App. Div. 487); *Tutone* v. *New York Cons. R. R. Co.* (107 Misc. 571; revd. without reasons for reversal being given, 189 App. Div. 954); *Lyon* v. *Manhattan R. Co.* (142 N. Y. 298).

The decision in the *Kelman* case above cited follows the reasoning and the decision of Mr. Justice POUND (later Chief Judge of the Court of Appeals) at Special Term in *Mizak* v. *Carborundum Co.* (75 Misc. 205; affd., 151 App. Div. 899 [4th Dept.]).   In his opinion Mr. Justice POUND refused the request of the plaintiff for a copy of the physician's report.   The ground given by him for such refusal is revealed in the following quotation from his decision at Special Term: " A defendant in a negligence case may not be compelled to disclose before trial what the physical examination of plaintiff by its physicians reveals, any more than it may be compelled to disclose what it expects to prove by its other witnesses."

The reasoning of Mr. Justice POUND appeals more to this court than that of Judge MOSCOWITZ.   If Judge MOSCOWITZ's reasoning could be followed out to the extent that " one side should not have an advantage over the other," then it might be said with equal reason that either party could compel the other party to present to the party demanding the same the statements made by witnesses of the party on whom the demand is made and the result of the investigations of the party on whom the demand is made.   Although

our practice has become more liberalized and undoubtedly will be more liberalized as years go on so as to carry out the thought that the trial of lawsuits is not a game of chance but is a seeking after the truth and merits of the action, this court is of the opinion that we have not reached the point, and that it would be unwise to establish the practice, of compelling each side to divulge all of its evidence to the other prior to trial.

In view of the foregoing, the court grants the application for an examination by a physician as requested by the defendant but denies the application of the plaintiff for a copy of the report of the physician.