ROBERT CALLAN, Plaintiff, *v.* GEORGE ADAMS, Defendant.

Supreme Court, Special Term, Broome County, April 28, 1941.

*Ray T. Hackett*, for the plaintiff.

*Hinman, Howard & Kattell*, for the defendant.

DEYO, J. The plaintiff does not object to the physical examination, but contends that it should be directed only on condition that he be furnished a copy of the physician's report. This is the sole question before the court.

An examination of the reported decisions indicates that there is a conflict in authority. The First and Fourth Departments have taken the view that the plaintiff is not entitled to a copy of the examining physician's report. The Second Department has held to the contrary. It does not appear that the Appellate Division of the Third Department has had occasion to pass upon the question.

As a matter of fact there is no statutory requirement that the physician make any report whatsoever. (*Lyon* v. *Manhattan R.*

*Co.*, 142 N. Y. 298.) The real purpose of the section is to give to the defendant an opportunity to discover "the nature and extent of the injuries complained of." (*Mizak* v. *Carborundum Co.* [Supreme Court, Niagara Co. Special Term, 1912, POUND, J.], 75 Misc. 205; affd., 151 App. Div. 899.) Although designated by the court, the physician is not constituted a commission to inquire into the physical condition of the plaintiff. (*Kelman* v. *Union R. Co.* [1st Dept. 1922], 202 App. Div. 487.) The physician is paid, not by the plaintiff or the court, but by the defendant, and remains his employee throughout. (*Mizak* v. *Carborundum Co.*, *supra.*) The defendant should not be required to disclose before trial what the physical examination of the plaintiff by his physician reveals any more than he should be forced to disclose what he expects to prove by any other witness. (*Stoczynski* v. *Croft* [Supreme Court, Erie Co. Special Term, 1938, HARRIS, J.], 166 Misc. 553.) The reasoning upon which the foregoing cases are based is more persuasive than that which supports those wherein a contrary decision has been reached. (*Tutone* v. *N. Y. Consol. R. R. Co.* [County Court, Kings County, 1919], 107 Misc. 571; revd., 189 App. Div. 954; *Horowitz* v. *Brooklyn & Queens Transit Corp.* [City Court of New York, 1939], 171 Misc. 321; *Mitchell* v. *Pure Oil Co.* [District Court, E. D. New York, 1937], 20 F. Supp. 1021.)

The defendant's motion will be granted, without costs, and an order may be submitted directing the plaintiff to submit to a physical examination by Dr. Charles L. Pope without any requirement that his findings or report be furnished to the plaintiff or his attorney.