Per Curiam.

Physical examinations in actions to recover damages for personal injuries are permitted by section 306 of the Civil Practice Act for the purpose of enabling defendants to ascertain the nature and extent of the injuries claimed to have been sustained and not to afford plaintiffs a means of obtaining evidence at the expense of defendants. Reports of examining physicians based upon such examinations are not made available to plaintiffs. (Kelman v. Union Railway Co., 202 App. Div. 487.)
It is now well settled that X rays may be taken in connection with a medical examination under the foregoing section, (Mclnnes v. Cannon, 225 App. Div. 852; Gimenez v. Great Atlantic & Pacific Tea Co., 236 App. Div. 804.) X-ray photographs are in a sense pictorial reports of alleged injuries in contradistinction to written reports. When they are taken in connection with a medical examination made in behalf and at the expense of a defendant in an action they are no more open to inspection by plaintiff than are the written reports of the examining physicians.
The order appealed from should, therefore, be modified by denying an inspection of the X rays taken and to be taken by defendant’s physician, and as so modified affirmed, with $20 costs and disbursements to the appellant.
Martin, P. J., G-lennon, Dore, Cohn and Peck, JJ., concur.
Order unanimously modified by denying an inspection of the X rays taken and to be taken by defendant’s physician, and as so modified affirmed, with $20 costs and disbursements to the appellant. Settle order on notice.