MacAffer, J.
This action is to recover damages for personal injuries sustained by the plaintiff, Julia A. Del Ba. The defendant makes a motion pursuant to section 306 of the Civil Practice Act for an order directing such plaintiff to present herself for a physical examination by a physician designated by the court at such time and place as are convenient to the plaintiff and to such physician.
The plaintiff opposes the motion on the merits on the ground that the defendant is not ignorant of the nature and extent of the plaintiff’s injuries for the reason that the defendant has been apprised of such injuries by the complaint and bill of *637 particulars. The plaintiff further contends that a claims adjuster and investigator, on behalf of the defendant, also interviewed plaintiff at her home with respect to such injuries.
This court is unable to agree with the contentions of the plaintiff opposing this application on the merits. This court does not conceive that the function of the bill of particulars is to supplant the examination afforded by section 306 of the Civil Practice Act. (Biehayn v. New York City Ry. Co., 123 App. Div. 652.) Such contentions are therefore overruled.
The plaintiff also urges in the alternative that if such motion be granted that certain terms and conditions be imposed which she sets forth in the answering affidavit as follows: ‘ ‘ that the court designate a physician or surgeon of its own choosing, who is not nominated by either plaintiff or defendant and that the order contain a provision, directing such examining physician or surgeon to furnish plaintiff with a copy of his or her report of such physical examination and that such examination take place in the presence of her personal physician and such relative of the plaintiff Julia A. Del Ra or other person as the court may direct ”.
Section 306 of the Civil Practice Act provides in part as follows: “In an action to recover damages for personal injuries, * * * the court, by order, shall direct that the plaintiff submit to- a physical examination by one or more physicians or surgeons to be designated by the court or judge ’ ’.
That statutory provision clearly requires that the physician or surgeon who is to make the physical examination must be designated by the court or judge. This direction has long been followed by the courts. (Goldenberg v. Zirinsky, 114 App. Div. 827, 828; Bloom v. Brooklyn & Queens Transit Corp., 151 Misc. 136, 137; Horowits v. Brooklyn & Queens Transit Corp., 171 Misc. 321, 323.) This provision does not contemplate the adoption by the court of the nominee of any party. (Ponzi v. City of New York, 269 App. Div. 949; Mitchell v. Pure Oil Co., 20 F. Supp. 1021.) On this motion the defendant has quite properly refrained from suggesting or nominating the examining physician in her notice of motion.
This statute further provides in part as follows: “If the party to be examined shall be a female she shall, if she desire, be entitled to have such examination in the presence of her own personal physician and such relative or other person as the court may direct. ’ ’
These provisions of the statute are also clear and unmistakable. The plaintiff here is entitled to the benefit of such provisions.
*638 A more troublesome problem confronts this court in the request of the plaintiff that the examining physician or surgeon furnish the plaintiff with a copy of his report of such physical examination. The decisions of the courts are in conflict as to whether the report of the physical examination should be furnished the party examined. In the first judicial department (Kelman v. Union Ry. Co. of New York City, 202 App. Div. 487; Feinberg v. Fairmont Folding Corp., 272 App. Div. 101) and in the fourth judicial department (Mizak v. Carborundum Co., 75 Misc. 205, affd. 151 App. Div. 899; Stoczynski v. Croft, 166 Misc. 553) the courts have refused, for various reasons, to compel the report of the examining physician to be divulged. The Court of Claims takes this position. (Valentine v. State of New York, 197 Misc. 972.) A contrary view is taken by courts in the second judicial department (Tutone v. New York Cons. R. R. Co., 189 App. Div. 954; Goldenberg v. Zirinsky, 114 App. Div. 827, supra; Horowitz v. Brooklyn & Queens Transit Co., 171 Misc. 321, 323) and by the United States District Court for the Eastern District of New York (Mitchell v. Pure Oil Co., 20 F. Supp. 1021, supra). The Appellate Division of the third department apparently has not had occasion to pass upon the question although Special Term in the sixth judicial district in that department has adopted the viewpoint of the courts in the first and fourth departments. (Callan v. Adams, 176 Misc. 292.)
The Appellate Division in the third department has taken the lead in broadening and liberalizing the requirements of disclosure by one party to the other in advance of trial of evidence that may tend to simplify the trial and expedite the disposition of cases in litigation in our courts. In the case of Wilhelm v. Abel (1 A D 2d 55) the court said at pages 56 and 57: “ The Special Term denied the application for an inspection of the statement on the ground that no special circumstances had been shown to justify such relief and further found that no fraud or deception had been practiced. We have no criticism of the Special Term’s decision because it was in conformity with the general rule which has heretofore existed. We are constrained to the belief however that the rule should be changed. The great mass of personal injury cases which clog the court calendars today require fair and speedy disposition, either by way of trial or settlement. To accomplish these ends it has increasingly been the practice to eliminate any elements of surprise whenever practicable — hence the very liberal rules for examinations before trial. By the same token we see no valid reason why a defendant or insurance carrier, if a written state *639 ment from, a possible plaintiff is taken, should not furnish a copy of such statement to the plaintiff; or, in default thereof, that a plaintiff should not upon due application be permitted to inspect the statement. Such a practice in our opinion will be certain to save time both for the courts and litigants, and tend to a more efficient and speedy disposition of cases.”
Applying this measure of liberality to the instant problem it would appear that much, if not all, of the reasons advanced in the past for a denial of the divulgence of the examining physician’s report have become outmoded. The modern trend of the courts, as exemplified by the decision in Wilhelm v. Abel (supra), is toward equalizing the position of each party to a lawsuit so far as it can be equitably and fairly accomplished, so that each enters the trial thereof on equal basis with the other.
It must be borne in mind that section 306 provides for the examination to be made by the nominee of the court. The findings of such an examination should not therefore be solely for the benefit of the defendant but should be available to both parties.
This court, therefore, is of the opinion that a copy of the examining physician’s report should be furnished to the plaintiff at the time it is furnished to the defendant. The defendant having requested the physical examination the fee of the examining physician shall therefore be paid by the defendant.
The motion of the defendant is granted, without costs.
The court hereby designates Dr. Joseph A. Pessolano of 369% State Street, Albany, New York, as the examining physician. The physical examination shall be made by the doctor at his office aforesaid at a time to be agreed upon and shall be made, if the plaintiff desires, in the presence of her husband and her own personal physician. A copy of the examining physician’s report shall be forwarded by Dr. Pessolano to the attorney for the plaintiff at the time it is furnished to the attorney for the defendant.
Submit order.