Arthur Ervin Blauvelt, J.
In this negligence action to recover damages for alleged personal injuries suffered by plaintiff, defendant Di Griacomo has moved, pursuant to section 306 of the Civil Practice Act, for an order directing that the plaintiff submit to a physical examination by a physician to be designated by the court. Plaintiff raises no objection to submitting to the desired physical examination on condition that he or his attorney be furnished with a copy of the written report of the examining physician, to which condition the moving defendant objects.
The sole question presented on this motion is whether or not this court at Special Term may impose as a condition of the examination a requirement and direction that a copy of the written report of the examining physician be furnished to the plaintiff.
The statute in question (Civ. Prac. Act, § 306) provides, in part, that “ such examination shall be had and made under such restrictions and directions as to the court or judge shall seem proper.”
The issue here is by no means novel, but has been raised and passed upon in our State and Federal courts on several occasions, as has been pointed out by the able and exhaustive memoranda submitted by counsel for both parties on this motion.
Court decisions in the first judicial department of the Supreme Court of this State are opposed to the imposition of such a requirement. (Feinberg v. Fairmont Holding Corp., 272 App. Div. 101; Kelman v. Union Ry. Co., 202 App. Div. 487.) However, it is noted that the Special Rules for Medical Examinations in Personal Injury Actions, in effect in Bronx and New York County Supreme Court since 1953, permit the court to direct a physical examination of the injured person, under certain circumstances, by a member of a panel of examining-physicians, the report of such examining physician to be made available ‘‘ to all parties. ’’
In the second judicial department of the Supreme Court of this State, the court decisions have since 1906 sanctioned the imposition of a requirement that a copy of the report be furnished to the party examined. (Tutone v. New York Cons. R. R. Co., 189 App. Div. 954; Goldenberg v. Zirinsky, 114 App. Div. 827; Horowitz v. Brooklyn & Queens Tr. Corp., 171 Misc. 321.) The United States District Court for the Eastern District of New York follows this same practice (Mitchell v. Pure Oil Co., 20 F. Supp. 1021), although the New York State Court of Claims adopts the contrary view (Di Laura v. State of New York, 275 App. Div. 639; Valentine v. State of New York, 197 Misc. 972.)
In the third judicial department of the Supreme Court of this *1070 State, the Appellate Division of that department on July 10, 1956, affirmed the decision of the Supreme Court at Special Term in Albany County (Kenneth S. MacAffer, J.) which directed that a copy of the examining physician’s report be furnished to the attorney for the injured plaintiff. (Del Ra v. Vaughn, 2 A D 2d 156, affg. 1 Misc 2d 636.) The reasoning of both courts in the last-cited case was based, at least in part, on the necessary trend of present day practice to narrow issues and to promote efficient and speedy disposition of personal injury cases. The decision of the Appellate Division in the Del Ra case in effect overruled an earlier Supreme Court Special Term decision handed down in Broome County in 1941. (Callan v. Adams, 176 Misc. 292.)
There appears to be only two reported Special Term decisions in the fourth judicial department of the Supreme Court of this State relating to this question, both of which arose in the eighth judicial district and one of which was affirmed without opinion by the Appellate Division of the fourth department. (Mizak v. Carborundum Co., 75 Misc. 205, affd. 151 App. Div. 899; Stoczynski v. Croft, 166 Misc. 553.) The Misak case, decided in 1912 at Niagara County Special Term (Pound, J.), and affirmed the same year without opinion by the Appellate Division of the fourth department, has been cited numerous times as authority for the proposition that a party who is physically examined under section 306 of the Civil Practice Act is not entitled to a copy of the examining physician’s report. It is contended by the moving defendant on this motion that such is the rule enunciated by the Appellate Division of the fourth department and that under the doctrine of stare decisis this court at Special Term is bound to follow such rule. This court would of course be constrained to sustain defendant’s contention except for the fact that a careful examination of the Special Term decision and the record on appeal in the Misak case leads one to the conclusion that the actual holding in that case has been interpreted far beyond what the facts thereof warrant.
The facts in the Mizak case disclose that after an order had been made directing the physical examination of plaintiff, without any conditions having been previously imposed, and after completion of the physical examination, and following the unsuccessful efforts of plaintiff’s attorney to secure a copy of the report from the physician, the plaintiff moved for an order directing the examining physician as an officer of the court to make and file in the Niagara County Clerk’s office a report describing in detail the results of the examination. This *1071 the Special Term refused to order, pointing out that a physician who examines a party under section 873 of the Code of Civil Procedure (now Civ. Prac. Act, § 306) is not an officer of the court and owes no duty to file such a report in the office of the county clerk. It is the opinion of this court that the actual rule laid down by the Appellate Division in the Mizak case is limited to a holding that Special Term did not abuse its discretion in refusing to order the physician’s report to be filed in the county clerk’s office upon motion made after completion of the physical examination which had been had pursuant to court order without any conditions having been previously imposed. It is recognized that in his decision at Special Term, Mr. Justice Pound, an eminent jurist who later became Chief Judge of the Court of Appeals of this State, clearly indicated that he did not favor the furnishing of a copy of the physician’s report to the injured party under any circumstances; however, much of what appears in the opinion is obiter dicta and was not necessarily approved of by the decision of the Appellate Division which affirmed without opinion the Special Term decision.
In the other reported decision in the fourth department on this question (Stoczynski v. Croft, 166 Misc. 553, supra), Mr. Justice Harris at Erie County Special Term in 1938 followed the reasoning of Mr. Justice Pound as expressed in the Mizak case, prophesying however that undoubtedly the time would come when the point would be reached where the practice would become more liberalized. It appears that such a point has now been reached.
Based upon the reasoning of the courts as expressed in the Del Ra case above referred to, it is the opinion of this court that it seems proper in the case at bar to direct the physical examination of the plaintiff, subject to the restriction and direction of the court that the plaintiff be furnished with a copy of the report of the examining physician.
Accordingly, it is directed that the plaintiff shall submit to a physical examination to be made by Joseph P. Henry, M. D., of 255 Alexander Street, Rochester, New York, who is designated for such purpose, subject to the condition, restriction and direction that Dr. Henry shall make a written report of the results of the examination and furnish a copy thereof to plaintiff’s attorneys within 20 days following completion of the examination.
Submit order.