Stanley Gartenstein, J.
The within proceeding pointedly demonstrates the continuing jurisdiction of this court and the fact there is no agreement or decree of divorce which closes all avenues of a possible return to the matrimonial courts regardless of lapse of time or events.
On the eve of the twentieth anniversary of their divorce after a childless marriage lasting seven and one half years, the petitioning wife now seeks upward modification of a judgment of divorce entered in the Republic of Mexico on January 5, 1953 providing for the payment of $25 per week to her. Respondent has paid this order apparently without default. It should be *223 unnecessary to compute the obvious, but for the purpose of underscoring what is at stake, the mathematics show that the parties have been divorced almost three times as long as they were married. Respondent’s circumstances have changed to such an extent that he apparently now pays alimony to a third wife in an approximate weekly figure ten times that paid to Ms first wife.
Petitioner now claims as a basis for her application that she has recently suffered a nervous breakdown; is no longer able to work; and is accordingly in danger of becoming a public charge. Obviously, were she to present herself to the court on any other theory, her petition would be dismissed. The threshold issue immediately crystallizes into the question of whether or not petitioner is psychologically employable at this late stage in the lives of the parties. Considering respondent’s compliance with the divorce decree for almost 20 years, the burden of proof is distinctly the petitioner’s.
Certain preliminary motions are now before the court. First, respondent moves to dismiss, based on his contention that petitioner’s prior testimony is false, misleading, contradictory and evasive. In effect, respondent seeks summary judgment and asks the court to determine credibility before this matter comes to trial on its merits. Obviously the court cannot dismiss a petition because of allegedly “ false testimony ” before the actual trial, nor can it make a projection as to its ultimate findings of fact prior to actual testimony on the issues. If the claim of falsehoods and self-contradiction on the part of any witness is established, at the trial, it is within the court’s discretion to then discount the entire testimony of that witness as a matter of credibility and in its capacity of trier of the facts in lieu of a jury. The motion to dismiss is denied.
Respondent further moves for a psychiatric examination of the petitioner, either by a private psychiatrist or under court auspices. Petitioner cross-moves for a protective order pursuant to CPLR article 31. Respondent cites no enabling statute in support of his motion. In the papers before the court it is noted that petitioner is prepared to submit psychiatric testimony in support of her petition. Respondent argues that absent an order facilitating Ms preparation on the issue of petitioner’s psychiatric condition, he will be at a distinct disadvantage in meeting this issue on its merits. In connection with this argument, the court notes section 251 of the Family Court Act wMch provides for examination of any party by a physician or psychiatrist. The petitioner argues that this section is restricted *224 in its application to neglect and/or abuse proceedings and may not be utilized in a support proceeding. No authority is cited to support this contention, and the court likewise fails to find any. However, even should section 251 of the Family Court Act be construed as not being applicable to support proceedings, the motion must nevertheless be granted.
Section 165 of the Family Court Act provides in part as follows : ‘ ‘ Where the method of procedure in any proceeding in which the family court has jurisdiction is not prescribed by this act, the procedure shall be in accord with rules adopted by the administrative board of the judicial conference or, if none has been adopted, with the provisions of the civil practice act to the extent they are suitable to the proceeding involved. ’ ’
The 1963 amendment to the Family Court Act, enacted upon the promulgation of the CPLR, added additional language making the CPLR applicable to Family Court proceedings in the same manner as the Civil Practice Act to the extent that they are ‘ ‘ appropriate to the proceedings involved ’ ’.
The thrust of the provision adopting the CPLR where “ appropriate ” has been stated to be an attempt, as far as possible, to conform to the spirit of the CPLR without overburdening the Family Court with complexities and technical requirements of the practice statutes. In other words, it is to be used as a working tool and not as impediment to the functions of the Family Court. (See Matter of Schwartz v. Schwartz, 23 A D 2d 204.)
It has been held generally that article 31 covering pretrial disclosure is applicable to appropriate cases in the Family Court. (See Matter of Hirsch v. Hirsch, 53 Misc 2d 938.)
Turning to the specifics of the CPLR, section 3121 provides that ‘ ‘ After commencement of an action in which the mental or physical condition * * * of a party, is in controversy, any party may serve notice on another party to submit to physical, mental or blood examination by a designated physician”. The court holds CPLR 3121 “ appropriate ” to the Family Court and its procedures even should section 251 of the Family Court Act be read to exclude mental examinations in support proceedings. The mental condition of a petitioner who claims inability to work because of a nervous breakdown is not only in issue, but crucial to an extent where denial of the right to disclosure with reference thereto would be an abuse of discretion. The fact that respondent has proceeded on motion rather than by notice is immaterial, in view of CPLR 3124 which permits a motion to compel disclosure in the absence of notice pursuant to CPLR 3121. The court deems the motion before it to *225 be one pursuant to CPLR 3124 to compel disclosure and grants same accordingly. The cross motion for a protective order is denied.
Finally, petitioner cross-moves to compel disclosure as to respondent’s finances. It has been held that courts acting in this realm must move cautiously in the matter of financial disclosure. (See Matter of Rann v. Rann, 54 Misc 2d 704.) If and when the threshold issue is determined in favor of the petitioner, thus establishing respondent’s liability for upward modification, at that time the court will take into account the ever increasing body of law concerning financial examinations as auxiliary to matrimonial proceedings. Until then the court will heed judi- ' cial admonitions to proceed with caution. The court rules that respondent’s finances shall remain irrelevant at this stage, unless and until petitioner’s inability to work is established.
Settle order on notice providing time, date and place of examination and name of psychiatrist designated by respondent to conduct same. The examination shall be at the expense of the respondent. (See Dabah v. Dabah, 134 N.Y.S. 2d 860; Del Ra v. Vaughan, 1 Misc 2d 636, affd. 2 A D 2d 156.)
Copies of all psychiatric reports are to be exchanged prior to trial in accordance with the procedure delineated by the CPLR.
Recalendar for trial upon stipulation by counsel for both sides indicating that disclosure as ordered herein has been completed.